**Jeffrey Edward ATTIX and Gail Greenspon and Ross Attix, h/w, Appellees**

v.

**Patricia LEHMAN, Appellant.**

Superior Court of Pennsylvania.

Argued March 6, 2007.

Filed May 30, 2007.

Michael E. Ellery, Philadelphia, for appellant.

Richard A. Kessler, Philadelphia, for appellees.

BEFORE: LALLY–GREEN, KLEIN and TAMILIA, JJ.

OPINION BY KLEIN, J.:

¶ 1 Defendant Patricia Lehman appeals from the order denying her petition to open a default judgment in favor of plaintiffs Jeffrey Edward Attix and his parents, Gail Greenspon and Ross Attix. We reverse and remand for further proceedings.[1]

¶ 2 This appeal stems from an accident in which a car operated by Lehman struck then–17–year–old Jeffrey Attix, who was riding his bicycle. Jeffrey suffered a broken ankle and other injuries. Plaintiffs initiated this action via writ of summons; the complaint was filed on October 27, 2005. On April 17, 2006, plaintiffs sent notice to defendant, pursuant to Pa.R.C.P. 237.1, that they would seek a default judgment if she did not file an answer within ten days. On June 27, 2006, plaintiffs filed a praecipe for default judgment. On July 6, 2006, defendant filed a petition to open the default, which was denied.

¶ 3 Essentially, this case turns on the interpretation and application of Pa.R.C.P. 237.3(b), which provides that if a petition for relief from a default is filed within 10 days after the entry of judgment on the docket, "the court shall open the judgment if the proposed complaint or answer states a meritorious cause of action or defense." Under prior practice, which was defined by common law, in addition to promptly filing a petition to open and showing a meritorious defense, the petitioner was also required to show a reasonable excuse for the late filing or non-filing.[2] Here, defendant does not attempt to explain her failure to timely answer the complaint.

1. In reviewing an order denying a petition to open a default judgment, we must determine whether the trial court committed an error of law or clear abuse of discretion. *McCoy v. Public Acceptance Corp.*, 451 Pa. 495, 305 A.2d 698, 700 (1973).

2. *See, e.g., Cintas Corp. v. Lee's Cleaning Servs.*, 549 Pa. 84, 700 A.2d 915, 919 (1997); *Alba v. Urology Assocs.*, 409 Pa.Super. 406, 598 A.2d 57, 58 (1991); *Liquid Carbonic Corp. v. Cooper & Reese, Inc.*, 272 Pa.Super. 462, 416 A.2d 549, 551 (1979).

¶ 4 The question then becomes whether Pa.R.C.P. 237.3(b) eliminates the traditional, common law requirement that the petitioner must show that the failure to file was reasonably excusable. We hold that a fair reading of the rule *does* eliminate that requirement, if the petition to open is filed within 10 days and states a meritorious cause of action or defense.

¶ 5 The issue on appeal is whether the plain language of Rule 237.3(b) eliminates the common law requirement that the petitioner must show that the failure to file a complaint or answer was reasonably excusable. The rule reads as follows:

### Rule 237.3 Relief from Judgment of Non Pros or by Default

(a) A petition for relief from a judgment of non pros or of default entered pursuant to Rule 237.1 shall have attached thereto a verified copy of the complaint or answer which the petitioner seeks leave to file.

(b) If the petition is filed within ten days after the entry of the judgment on the docket, the court shall open the judgment if the proposed complaint or answer states a meritorious cause of action or defense.

There is no mention in Rule 237.3(b) of the common law requirement that there must be an excuse for the failure to file a timely answer.

¶ 6 Our interpretation of Rule 237.3(b) begins with a review of the nonbinding explanatory notes accompanying the rule. *See* Pa.R.C.P. 129(e) ("A note to a rule or an explanatory comment is not a part of the rule but may be used in construing the rule.") Both the Note and Comment to Rule 273.3 support the conclusion that if a petition to open is filed within ten days of the default, the defendant does not have to show an excuse for the failure to file an answer. The Note states in relevant part:

Rule 237.3 does not change the law of opening judgments. Rather, the rule supplies two of the three requisites for opening such judgments by presupposing that a petition filed as provided by the rule is timely and with reasonable explanation or legitimate excuse for the inactivity or delay resulting in the entry of the judgment.

The Explanatory Comment (1994) further provides:

Subdivision (b) eases the burden of a party against whom judgment has been entered and who moves promptly for relief from that judgment....

.... Rule 237.3(b) presumes that a petition filed within the required ten-day period is both timely and with reasonable explanation or legitimate excuse for the inactivity or delay. In this context, subdivision (b) requires that the judgment be opened if the petitioner attaches to the petition a verified complaint or answer which states a meritorious cause of action or defense.

¶ 7 While not pertinent to the holding of the case, this Court in *Penn–Delco School District v. Bell Atlantic–PA, Inc.*, 745 A.2d 14, 17 (Pa.Super.1999), noted that the purpose of Pa.R.C.P. 237.3 is "to ease the burden of parties who move promptly for relief from judgment entered by default or non pros."

■ ¶ 8 There are several reasons why our rules provide relief for a party against whom a judgment was entered, even if that party was negligent in not responding to a complaint or other pleading. Default judgments are generally not favored. *See Kennedy v. Black*, 492 Pa. 397, 424 A.2d 1250, 1252 (1981); *Peters Twp. Sanitary Auth. v. Am. Home & Land Dev. Co.*, 696 A.2d 899, 902 (Pa.Commw.1997). There may be equitable reasons for the trial court to reach the merits of the case and decide the issues rather than dismiss it for

a procedural flaw. The purpose of allowing defaults to be taken " 'is to prevent a dilatory defendant from impeding the plaintiff in establishing his claim' "; it is not intended as a means for a plaintiff to quickly obtain judgment without the difficulties of litigation. *Peters Twp.,* 696 A.2d at 902 (citation omitted).

¶ 9 Moreover, the party seeking entry of *non pros* or default (in most cases, the plaintiff) controls the time when the petition to open the *non pros* or default is filed. There is no need for the party wishing to take a *non pros* or default to wait months to file a praecipe. If the plaintiff waits, then he or she should not be heard to complain that the defendant did not act promptly in seeking relief from the judgment.

■ ¶ 10 Therefore, we hold that under Rule 237.3(b), if the party against whom a default judgment is entered files a petition to open within 10 days of such entry, and he or she states meritorious defense, the trial court must open the judgment. *See Stauffer v. Hevener,* 881 A.2d 868, 870–71 (Pa.Super.2005) (concluding that defendants satisfied Rule 237.3(b) requirements for opening default, where they filed petition to open within 10 days and raised meritorious defense); *Kruis v. McKenna,* 790 A.2d 322, 326 (Pa.Super.2001) (noting that Rule 237.3(b) excuses petitioner from establishing first two prongs of common law standard, where petition is filed within 10 days of *non pros* ).

¶ 11 We note, however, that in this case, plaintiffs assert two additional reasons why the default against defendant should not be opened.

■ ¶ 12 First, plaintiffs claim that the boilerplate allegations of defendant's answer are insufficient to raise a meritorious defense. In view of the boilerplate allegations of the complaint itself, this argument is without merit. It would have been preferable for defendant to plead in more specific terms that Jeffrey Attix ran a stop sign and rode his bicycle into the intersection and that is why he was injured (which was only mentioned in defendant's motion for reconsideration filed after her petition to open was denied). However, we conclude that the broad averments of contributory negligence in defendant's answer and new matter are sufficient to plead a meritorious defense. There is no requirement that the answer attached to a petition to open be any more specific than the typical broad answer to a complaint.

¶ 13 Second, plaintiffs claim that the effective date of the filing of the default should be considered, and here there is a factual issue concerning when the initial default was entered on the docket. Plaintiffs claim that their initial praecipe for entry of the default judgment was filed on June 21, 2006, five days before it was docketed, but it was improperly rejected by the filing clerk for failing to include an affidavit of non-military service. Thus, plaintiffs claim, defendant's petition filed on July 6, 2006 was untimely. We disagree.

■ ¶ 14 The praecipe itself, which is in the certified record, bears three separate date-stamps: one indicating that it was "presented for review" on June 21, 2006; one indicating that it was "presented for review" on June 26, 2006; and one indicating that it was "filed" on June 27, 2006. However, the only date that is relevant for determining whether the petition to open was timely filed is the date on which the judgment was entered on the docket. Rule 237.3(b) provides relief if the defendant files the petition to open within ten days "after the entry of the judgment on the docket."

¶ 15 Here, the docket entries show that the judgment was docketed on June 27, 2006, the praecipe was stamped "filed" on June 27, 2006, and the petition to open was filed on July 6, 2006. Thus, even if the clerk erred initially, the petition to open was still filed within the ten-day period required by the rule.[3] Therefore, this claim fails.

¶ 16 Accordingly, we reverse the denial of the petition to open the default judgment and remand to the trial court with the directive to open the judgment and allow defendant to file an answer to the complaint.[4]

¶ 17 Order reversed. Case remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.

**3.** We note that defendant's petition to open, although filed on July 6, 2006, was not docketed until July 12, 2006. Despite the late docketing, however, no one disputes that the petition was filed with the Prothonotary on July 6, 2006.

**4.** We note that in this case, the distinguished trial judge never discussed or even mentioned the applicability of Rule 237.3(b). Rather than prepare a proper Pa.R.A.P. 1925(a) opinion, the trial judge merely referenced the footnote in his initial order denying the petition to open, which quoted boilerplate law and did not refer to the facts or specific issues of this case. This seems to be an increasing trend among trial judges.

We recognize that trial judges are busy, particularly when dealing with a large volume of motions. It may be appropriate for a trial court to issue a short-form explanation of its decision to the parties, who are already familiar with the case. However, once an appeal is taken, the trial court should explain the facts and its ruling in more detail. In this case, the trial judge has an excellent reputation, and a more thorough analysis of the issues undoubtedly would have assisted our Court.