J-A09030-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CHARLES MONTALVO | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| DAVID MARCIAL, ESQUIRE AND THE MARCIAL LAW FIRM | |
| Appellee | No. 2588 EDA 2013 |

Appeal from the Judgment Entered November 1, 2013
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): November Term, 2010 No. 1209

BEFORE:  BOWES, J., OTT, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                    **FILED OCTOBER 22, 2014**

Charles Montalvo appeals from the judgment entered November 1, 2013, in the Philadelphia County Court of Common Pleas, in favor of the defendants, David Marcial, Esquire, and the Marcial Law Firm, in this legal malpractice action.  Montalvo sued Marcial after Marcial failed to properly petition to open a default judgment that had been entered against Montalvo.[1]  On appeal, Montalvo claims the trial court erred by failing to shift the burden of proof to Marcial to prove that his negligence was not the

_____

[1] Although Montalvo named both Marcial and his law firm as defendants, we will address our discussion to Marcial, the attorney.

reason the trial court denied the petition to open. For the reasons set forth below, we affirm.

The facts supporting Montalvo's legal malpractice claim are as follows. Montalvo was a named defendant in the underlying matter, ***Jimenez v. Marie Grocery, et al.***, Court of Common Pleas Philadelphia County, October Term 2006, Docket No. 4581.[2] On January 4, 2007, a default judgment was entered against Montalvo after he failed to respond to the complaint. On January 19, 2007, Montalvo retained Marcial to represent him in the ***Jimenez*** case, and paid him a $2,000 retainer fee. Both parties agree that Montalvo informed Marcial that an action had been filed against him, but did not explain that a default judgment had been entered in that case. On February 9, 2007, Marcial conducted a docket search and first learned of the default judgment. On February 20, 2007, Montalvo turned over all relevant documents to Marcial. ***See*** N.T., 4/2/2013, at 8-11.

Thereafter, on March 2, 2007, Marcial filed a petition to open the default judgment in the ***Jimenez*** case. Marcial, however, did not attach to the petition a verified answer to the ***Jimenez*** complaint as is required by the

---

[2] The complaint alleged that Jimenez was injured when he slipped and fell on snow/ice that had accumulated in front of a grocery store owned and operated by Montalvo. ***See*** Petition to Open Default Judgment, 3/2/2007, Exhibit A (Complaint in ***Jimenez v. Marie Grocery, et al.***).

Pennsylvania Rule of Civil Procedure 237.3.[3] *Id.* at 12. On April 10, 2007, the trial court entered an order, **without an opinion**, denying the petition to open. No appeal was filed.[4] Thereafter, the court held an assessment of damages hearing on September 11, 2007, at the conclusion of which the court assessed damages against Montalvo in the amount of $325,000.

Montalvo subsequently filed this legal malpractice action against Marcial.[5] On April 2, 2013, the parties appeared before the trial court for a stipulated bench trial, agreeing to rely solely on the pleadings, competing expert reports and the parties' trial memoranda. On May 15, 2013, the trial court entered a finding in favor of Marcial.[6] Montalvo filed a motion for post-

---

[3] The Rule provides, in relevant part, that "[a] petition for relief from a judgment of … default entered pursuant to Rule 237.1 shall have attached thereto a verified copy of the … answer which the petitioner seeks leave to file." Pa.R.C.P. 237.3(a).

[4] An interlocutory appeal as of right may be taken from an order refusing to open a judgment. *See* Pa.R.A.P. 311(a)(1).

[5] Montalvo originally filed a legal malpractice action in 2008. However, on September 21, 2009, the parties entered into a tolling agreement to preserve the status *quo* of the litigation as of May 16, 2008, until Montalvo "suffers economic harm from the judgment entered in the underlying case." Tolling Agreement, 9/21/2009, at ¶ 1. Montalvo subsequently filed an amended complaint on April 28, 2011, asserting damages in the amount of $455,000 ($325,000 for the award in the *Jimenez* case and $130,000 in attorneys' fees).

[6] In a subsequent opinion, the trial court explained that Montalvo "did not meet [his] burden of proof." Trial Court Opinion, 8/27/2013, at 4.

trial relief, which the trial court denied on July 17, 2013.  This timely appeal followed.[7]

Montalvo raises one issue on appeal:[8]  Whether the trial court erred in failing to shift the burden of proof to Marcial to demonstrate that it was not his failure to comply with the Pennsylvania Rules of Civil Procedure which resulted in the denial of the petition to open the default judgment?  **See** Montalvo's Brief at 5.

Our standard of review of a decision in a non-jury trial is well-established:

> [We are] "limited to determining whether the trial court's findings are supported by competent evidence, whether errors of law have been committed, or whether the trial court's determinations demonstrate a manifest abuse of discretion."
>
> > When this Court entertains an appeal originating from a non-jury trial, we are bound by the trial court's findings of fact, unless those findings are not based on competent evidence.  The trial court's conclusions of law, however, are not binding on an appellate court because it is the

---

[7] Because the notice of appeal was originally filed from the order denying post-trial motions, this Court, on October 28, 2013, ordered Montalvo to *praecipe* the trial court prothonotary to enter judgment as required by Pa.R.A.P. 301(a)(1).  The trial court subsequently entered judgment on November 1, 2013.  "As a result, we will treat the [appeal] as if [it] were filed after the entry of judgment, which is the appealable order."  **McEwing v. Lititz Mut. Ins. Co.**, 77 A.3d 639, 645 (Pa. Super. 2013).  **See** Pa.R.A.P. 905(a)(5).

[8] The trial court did not direct Montalvo to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  However, the court filed an opinion pursuant to Pa.R.A.P. 1925(a) on August 27, 2013.

> appellate court's duty to determine if the trial court correctly applied the law to the facts.

**McShea v. City of Philadelphia**, 995 A.2d 334, 338-339 (Pa. 2010) (citations omitted).

A legal malpractice claim may be brought by an aggrieved client in either tort or contract. **Wachovia Bank, N.A. v. Ferretti**, 935 A.2d 565, 570 (Pa. Super. 2007).

> The elements of a legal malpractice action, sounding in negligence, include: (1) employment of the attorney or other basis for a duty; (2) failure of the attorney to exercise ordinary skill and knowledge; and (3) that such failure was the proximate cause of the harm to the plaintiff. **Bailey v. Tucker**, 533 Pa. 237, 621 A.2d 108, 112 (1993). With regard to a breach of contract claim, "an attorney who agrees for a fee to represent a client is by implication agreeing to provide that client with professional services consistent with those expected of the profession at large." **Id.** at 115.

**Id.** at 570-571. **See also CoreStates Bank, N.A. v. Cutillo**, 723 A.2d 1053, 1058 (Pa. Super. 1999) ("A cause of action for breach of contract must be established by pleading (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages."). Therefore, where, as here, a complaint asserts a legal malpractice claim sounding in both tort and contract, the plaintiff/former client is required to prove that the attorney breached a duty owed to him, and that the breach caused him to suffer damages.

> Further, in a legal malpractice action,

> a plaintiff must prove a case within a case since he must initially establish by a preponderance of the evidence that he would have recovered a judgment [or obtained relief] in the underlying

action (here, the underlying action would have involved [Montalvo's petition to open the default judgment]). It is only after the plaintiff proves he would have [prevailed] in the underlying action that the plaintiff can then proceed with proof that the attorney he engaged to prosecute or defend the underlying action was negligent in the handling of the underlying action and that negligence was the proximate cause of the plaintiff's loss[.]

*Kituskie v. Corbman*, 714 A.2d 1027, 1030 (Pa. Super. 1998).

In the present matter, Montalvo argues Marcial was negligent in (1) failing to act in a timely manner after he was retained, and (2) failing to comply with the Pennsylvania Rules of Civil Procedure when filing the petition to open the default judgment. Specifically, Montalvo contends Marcial waited three weeks after he was retained to perform a docket search, at which time he finally learned that a default judgment had been entered against Montalvo, and then waited another three weeks before filing the petition to open the judgment.

Most importantly, Montalvo claims that the petition to open filed by Marcial was inadequately pled, and that Marcial failed to attach to the petition a verified answer to the complaint as required by Rule 237.3. Therefore, he argues, the trial court "had no choice but to deny the Petition and the burden should have shifted to [Marcial] to show [his] negligence did not cause the Petition to be denied." Montalvo's Brief at 16.

A petition to open a default judgment is directed to the equitable powers of the trial court. *Smith v. Morrell Beer Distributors, Inc.*, 29 A.3d 23, 25 (Pa. Super. 2011) (citation omitted). Therefore, a trial court's

decision granting or denying such a petition will not be overturned absent a manifest abuse of discretion or error of law. **Id.**

> In general, a default judgment may be opened when the moving party establishes three requirements: (1) a prompt filing of a petition to open the default judgment; (2) a meritorious defense; and (3) a reasonable excuse or explanation for its failure to file a responsive pleading.

**Id.** (citation omitted).[9] Pennsylvania Rule of Civil Procedure 237.3(b) provides that a petition filed within 10 days after entry of the default judgment is *per se* promptly filed. Pa.R.C.P. 237.3(b). This Court has held that so long as the petitioner files the petition within 10 days, and "states [a] meritorious defense, the trial court **must** open the judgment." **Attix v. Lehman**, 925 A.2d 864, 867 (Pa. Super. 2007) (emphasis supplied). Further, Rule 237.3 mandates that petition to open a default judgment "**shall have attached** thereto a verified copy of the … answer which the petitioner seeks leave to file." Pa.R.C.P. 237.3(a) (emphasis supplied).

In the present case, Marcial filed a petition to open the default judgment on March 2, 2007, nearly two months after the judgment was entered against Montalvo. However, it is undisputed that Montalvo did not retain Marcial as counsel until January 19, 2007, 15 days after the default

---

[9] This Court has explained that "[i]n order to satisfy the meritorious defense requirement, the defendant need only plead a defense which, if proved at trial, would justify relief." **Estate of Considine v. Wachovia Bank**, 966 A.2d 1148, 1152 (Pa. Super. 2009).

judgment was entered. Therefore, because the 10-day period had already expired, the determination of whether the petition was promptly filed was **left to the discretion of the trial court**. *See Smith*, *supra*. Moreover, because the trial court did not file an opinion explaining why it denied the petition to open, we have no way of knowing if the court found the petition promptly filed in light of the circumstances of the case.

Moreover, although Marcial neglected to attach to the petition a verified answer to the ***Jiminez*** complaint, he did assert in the petition a potentially meritorious defense and a reasonable excuse for the delay in filing. ***See*** Petition to Open Default Judgment, 3/2/2007, at ¶¶ 2 (stating Montalvo "was a landlord out of possession who leased a property to other defendants … at the time of the alleged incident."), 4 (stating Montalvo "never received a '10-Day Letter' advising [him] of a default, which is required under the Rules of Civil Procedure."), 7-9 (averring Montalvo was born in Puerto Rico, had a limited education, and was unaware of his "obligation to answer the complaint" and "unable to understand the nature of the proceedings" until he retained counsel).

This Court has held that, when the remaining requirements of the rule are met, a petitioner's failure to attach an answer to the complaint is not a fatal omission. ***See Smith***, ***supra***, 29 A.3d at 28 (finding that when plaintiffs failed to attach answer to petition, but rather averred answer was forthcoming, "despite their omission, [plaintiffs] would be entitled to relief if their petition met the requirements of Rule 237.3(b)."); ***Boatin v. Miller***,

955 A.2d 424, 428-49 (Pa. Super. 2008) (vacating order denying petition to open default judgment despite fact that answer was not attached to petition; petition was filed within eight days of entry of default and alleged meritorious defense).

We note the crux of Montalvo's argument appears to be that Marcial's omissions provided the trial court with ample reasons to deny the petition to open the default judgment. However, none of counsel's omissions was a fatal error, which **required** the trial court to deny the petition to open. Indeed, we reiterate "[a] petition to open a default judgment is an appeal to the equitable powers of the court." **Smith**, **supra**, 29 A.3d at 25. Therefore, the trial court had the discretion to grant Montalvo's petition to open the default judgment despite counsel's omissions. What is unclear from the record is **why** the trial court denied the petition in this particular case.[10] The court did not file an opinion accompanying the underlying order,

_____

[10] Both parties filed expert reports supporting their respective positions. Montalvo's expert opined that "on every element necessary to have a judgment opened, Mr. Marcial failed to meet the requirements[, and therefore,] the Judge under these circumstances **had no choice** but to deny the petition." Opinion Letter of Mark S. Kardos, 6/19/2012, at 2 (emphasis supplied). Conversely, Marcial's expert opined that "[a] fair reading of the Petition to Open indicates that the three prongs were, indeed, clearly met[,]" and "the **mere fact that a Petition to Open was denied** is not a *prima facie* cause for legal malpractice or professional negligence." Opinion Letter of J. Michael Doyle, 8/2/2012, at 3, 4 (emphasis supplied). The trial court in the legal malpractice action, however, found it "impossible" to determine which expert was more credible simply from a reading of the experts' reports. Trial Court Opinion, 8/27/2013, at 4.

and Montalvo did appeal the court's denial of the petition to open. Therefore, Montalvo can only speculate as to the basis for the trial court's decision, and, accordingly, he is unable to demonstrate a *prima facie* case of legal malpractice, that is, that counsel's omissions were the promixate cause of his harm. **See Wachovia Bank, N.A.**, **supra**.

However, Montalvo contends that once he demonstrated counsel's negligence, the burden should have shifted to Marcial "to show [his] negligence did not result in the Petition to Open being denied." Montalvo's Brief at 15. Citing **Kituskie**, **supra**, Montalvo argues "to place the burden on plaintiff where all facts were in the possession of defendants would be an unfair burden." Montalvo's Brief at 15-16. Indeed, he claims "the inability to know the precise reason the Petition was denied was the result of the actions of defendant in not pursuing the matter after the Petition to Open Judgment was denied." **Id.** at 16.

Preliminarily, we find, as did the trial court, that Montalvo's reliance on **Kituskie** is misplaced. **See** Trial Court Opinion, 8/27/2013, at 4. In **Kituskie**, the issue before the Supreme Court concerned the collectability of damages in an underlying action to a subsequent legal malpractice claim. The Court held (1) "collectability of damages in [an] underlying action should be considered in a legal malpractice action" and (2) "the defendant/attorney bears the burden of proof" on that issue since it is akin to an affirmative defense. **Id.**, 714 A.2d at 1028, 1032.

Conversely, here, as the trial court explained:

> This case did not turn on an affirmative defense that [Marcial] had the burden to prove. [Montalvo] bore the burden of proof for his case. He did not meet that burden of proof. There is no reason why the [trial court] should have reversed the burden of proof, and relieved [Montalvo] from proving [Marcial's] liability.

Trial Court Opinion, 8/27/2013, at 4. We agree. In order to establish a *prima facie* case of legal malpractice, Montalvo was required to demonstrate that Marcial's omission caused him damage. The matter never turned on an affirmative defense, and Marcial was not required to prove a negative, *i.e.*, that his omissions did not result in the trial court's denial of the petition to open.

Furthermore, although Montalvo now contends that the lack of a trial court opinion explaining the basis for the court's denial of the petition "was the result of the actions of [Marcial] in not pursuing the matter after the Petition to Open Judgment was denied,"[11] we disagree. Marcial was under no obligation to appeal the order denying the petition to open unless requested to do so by his client, Montalvo. Significantly, Montalvo did not allege in his complaint either that he requested Marcial to file a motion for reconsideration of the denial of the petition to open, or an appeal from the denial of the petition to open, or that Marcial was negligent in failing to do so. Accordingly, no relief if warranted.

Judgment affirmed.

---

[11] Montalvo's Brief at 16.

J-A09030-14

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/22/2014