J-S66003-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWABS, INC. ASSET BACKED CERTIFICATES SERIES 6006-19 | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHELLE L. & WALTER T. JORDAN, | |
| Appellants | No. 680 MDA 2014 |

Appeal from the Order Entered March 12, 2014
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s): 13 CV 1323

BEFORE: BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED NOVEMBER 12, 2014**

Appellants, Michelle L. and Walter T. Jordan, appeal from the March 12, 2014 order denying their petition to open default judgment entered against them and in favor of Appellee, Bank of New York Mellon, *et al* ("the Bank"). After careful review, we affirm.

The trial court provided the following brief procedural history:

> The Complaint in Mortgage Foreclosure was filed in the instant action on March 21, 2013. On July 2, 2013, after [Appellants] failed to file a responsive pleading, judgment was entered in the amount of $305,592.02 in favor of the [Bank]. On July 11, 2013, [Appellants] filed a petition to open the judgment pursuant to Pa.R.C.P. 237.3. Oral argument was heard on March 12, 2014, and an order denying the petition was filed [on] that date.

Trial Court Opinion (TCO), 7/20/14, at 1-2.

Appellants filed a timely notice of appeal. Herein, they present one question for our review: "Did the Lower Court err in failing to open the judgment against [] Appellants when the Petition to Open was filed within 10 days after the entry of judgment and [] Appellants pled a meritorious defense?" Appellants' Brief at 4. We review this claim under the following standard:

> Generally, a petition to open a default judgment is addressed to the equitable powers of the court and is a matter of judicial discretion. **Aquilino** [**v. Philadelphia Catholic Archdiocese**,] 884 A.2d [1269,] 1283 [(Pa. Super. 2005)]. "A lower court's ruling refusing to open a default judgment will not be reversed unless there has been an error of law or a clear, manifest abuse of discretion." **Schultz v. Erie Insurance Exchange**, [] 477 A.2d 471, 472 ([Pa.] 1984) (citation omitted).

**Boatin v. Miller**, 955 A.2d 424, 427 (Pa. Super. 2008).

In the present case, the trial court denied Appellants' petition to open after determining that they failed to prove two of the three requisites for opening a default judgment. Specifically, the court stated: "It is well[-]settled that in Pennsylvania a default judgment may be opened if the moving party satisfie[s] three requirements: (1) act promptly, (2) allege a meritorious defense, and (3) explain the reasonable excuse for the delay that brought about the default judgment." TCO at 3 (citing **Seeger v. First Union National Bank**, 836 A.2d 163, 165 (Pa. Super. 2003)). The court then concluded that Appellants "did respond promptly; however, they

neither provided a meritorious defense nor did they explain the delay that led to the default judgment being entered." *Id.* at 4.

In challenging the court's ruling on appeal, Appellants first contend that the trial court erred by requiring them to provide an explanation for their delay in responding to the Bank's complaint. Appellants rely on Pennsylvania Rule of Civil Procedure 237.3(b), which states: "If the petition is filed within ten days after the entry of the judgment on the docket, the court shall open the judgment if the proposed complaint or answer states a meritorious cause of action or defense." Pa.R.C.P. 237.3(b). Appellants argue that because here, their petition to open was filed within 10 days of the entry of default judgment, under Rule 237.3(b) they were only required to present a meritorious defense; they were not also required to provide a reasonable excuse for their delay.

We are compelled to agree that the court erred in this regard.

> [I]n **Attix v. Lehman***,* 925 A.2d 864 (Pa. Super. 2007), we interpreted Rule 237.3(b) based on [the] principles of rule construction. **We concluded that a petitioner does not need to satisfy the common law requirement that he provide a reasonable excuse for the failure that led to the judgment by default, if his petition to open is filed within 10 days of the judgment and states a meritorious defense.** *Id.* at 866. In doing so, we recognized that Rule 237.3(b) presupposes that a petition filed within ten days of the default judgment is promptly filed and sets forth a reasonable explanation or legitimate excuse for the inactivity or delay resulting in the entry of the judgment. *Id.* Thus, **we held that under Rule 237.3(b), a trial court must open a default judgment, if the petitioner files a petition to open within ten days of its entry and states a meritorious defense.** *Id.* at 867.

*Boatin*, 955 A.2d at 427 (emphasis added). Based on our holding in *Attix*, we conclude that because Appellants filed their petition to open within 10 days of the entry of default judgment, they were only required to assert a meritorious defense to warrant their petition being granted. *See also Penn-Delco School Dist. v. Bell Atlantic-Pa, Inc.*, 745 A.2d 14, 19 (Pa. Super. 1999) ("[W]here the petitioner files a petition to open the judgment within ten days, … the petitioner need demonstrate only that the verified pleading attached to the petition states a meritorious defense."). Thus, the trial court misapplied the law in this regard.

Nevertheless, the trial court also concluded that Appellants failed to present a meritorious defense, and Appellants have not convinced us that the court's decision was an abuse of its discretion.

> The requirement of a meritorious defense is only that a defense must be pleaded that if proved at trial would justify relief. The defense does not have to prove every element of its defense[;] **however, it must set forth the defense in precise, specific and clear terms.**

*Seeger*, 836 A.2d at 166 (emphasis added) (quoting *Penn-Delco School v. Bell Atlantic-Pa, Inc.*, 745 A.2d 14, 19 (Pa. Super. 1999) (citations omitted)).

Here, in the Bank's March 21, 2013 complaint in mortgage foreclosure, it stated that Appellants executed the at-issue mortgage in August of 2006, and that "[t]he mortgage is in default because monthly payments of principal and interest upon said mortgage due 01/01/2010 and each month thereafter are due and unpaid…." Complaint, 3/21/13, at 4 ¶ 5. The Bank

- 4 -

then listed the amounts of principal, interest, and certain fees owed by Appellants, and concluded that Appellants owed a total of $305,592.02. *Id.* at 4 ¶ 6.

In Appellants' answer attached to their petition to open, they responded to the Bank's assertion that they failed to make mortgage payments as follows:

> Denied. It is specifically denied that [Appellants] failed to make payments as indicated in the Complaint, by way of further response, the Complaint fails to provide any evidence that [Appellants] are in violation of the Mortgage Contract.

Answer, 7/11/13, at 2 ¶ 5. In response to the Bank's statement of the total amount owed by Appellants, Appellants again stated:

> Denied. It is specifically denied that [Appellants] failed to make payments of principal and interest, by way of further response, the Complaint fails to provide any evidence that [Appellants] are in violation of the Mortgage Contract.

*Id.* at 2 ¶ 6.

These answers are not sufficiently specific to constitute a meritorious defense. Despite the Bank's alleging over 36 months of non-payment, and providing a specific amount owed by Appellants, Appellants failed to specify any month(s) in which they did, in fact, pay their mortgage, or provide the specific amount that they believe they currently owe. Clearly, Appellants had access to this type of information, yet failed to include it in their answer. Additionally, Appellants' claim that "the Complaint fails to provide any evidence that [Appellants] are in violation of the Mortgage Contract" does not amount to a meritorious defense; instead, this assertion is merely a

claim that the Bank's complaint was inadequate. Even more notably, Appellants again fail to specify what evidence the Bank was required to include in the complaint, or how that omission defeated the Bank's claim against them.

Accordingly, we ascertain no abuse of discretion in the trial court's decision to deny Appellants' petition to open.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/12/2014