J-A13021-20

2020 PA Super 191

| | | |
|---|---|---|
| ERIC SCALLA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KWS, INC., A MEMBER OF THE | : | |
| THIELE GROUP, | : | |
| | : | |
| Appellant | : | No. 2003 EDA 2019 |

Appeal from the Order Entered April 12, 2019
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 171202802

BEFORE:   BENDER, P.J.E., LAZARUS, J. and STRASSBURGER, J.*

CONCURRING OPINION BY STRASSBURGER, J.:

**FILED AUGUST 11, 2020**

I join the Majority Opinion with respect to the first two prongs of the tripartite test to open a default judgment. **See** Majority Opinion, at 5-20. However, because I would not reach the merits of the third prong, I respectfully concur.

As the Majority explains, this Court has required a defendant to set forth a meritorious defense in "precise, specific, and clear terms" to satisfy the third prong of the test. Majority at 21, *citing **Castings Condominium Ass'n v. Klein***, 663 A.2d 220, 224 (Pa. Super. 1995) ("Klein must plead an arguable meritorious defense sufficient to justify relief if proven. The defendant does not have to prove every element of her defense[;] however, she must set

---

* Retired Senior Judge assigned to the Superior Court.

forth the defense in precise, specific and clear terms.") (citation omitted); ***see also Penn-Delco Sch. Dist. v. Bell Atl.-Pa, Inc.***, 745 A.2d 14, 19 (Pa. Super. 1999) (same). Further, in ***Smith v. Morrell Beer Distributors, Inc.***, we stated the following.

> Although timely filed, the petition [to open a default judgment] did not set forth allegations of a defense that, if proven at trial, would entitle [a]ppellants to relief. Instead of alleging facts of record in the petition that support a meritorious defense, [a]ppellants set forth in their petition conclusions of law and challenges to [a]ppellee's proof. Motion to Open Default Judgment, 1/12/10, at ¶¶ 2-9. In sum, [a]ppellants allege that they have "a strong defense for this matter and it is highly likely that plaintiff will not prevail on this case in chief." ***Id.*** at ¶ 8. We conclude that [a]ppellants' petition does not set forth a meritorious defense supported by verified allegations of fact.

29 A.3d 23, 28 (Pa. Super. 2011).

On the other hand, and as KWS argues in its brief, this Court has "accepted a broadly worded answer as sufficient to set forth a potentially meritorious defense, noting that '[t]here is no requirement that the answer attached to a petition to open be any more specific than the typical broad answer to a complaint.'" ***Stabley v. Great Atl. & Pac. Tea Co.***, 89 A.3d 715, 720 (Pa. Super. 2014) (finding general averment of comparative negligence in answer and new matter, in conjunction with assertions made by defendants at hearing on petition to open default judgment, satisfied meritorious-defense prong), *quoting* ***Attix v. Lehman***, 925 A.2d 864, 867 (Pa. Super. 2007) (concluding "broad averments of contributory negligence in defendant's

answer and new matter [attached to a petition to open default judgment were] sufficient to plead a meritorious defense"); ***see also*** KWS's Brief at 37-42.

As the Majority points out, the three-part test is conjunctive and a trial court cannot open a default judgment based on the equities of the case when a defendant has failed to establish all three prongs of the test. ***See*** Majority at 11 n.4; ***Seeger v. First Union Nat. Bank***, 836 A.2d 163, 167 (Pa. Super. 2003). Accordingly, because it is not necessary to the disposition and this Court has been inconsistent in its treatment of the meritorious-defense prong, I would not address the third prong of the test here. For these reasons, I respectfully concur.