J-A17007-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| AMY COCCA AND CHRISTOPHER COCCA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| U.S. BANK, N.A., YOUNGKYU LEE, HYOUNGJOON PARK AND JUNGJA YEON | : | No. 1998 EDA 2021 |
| | : | |
| | : | |
| | : | |
| APPEAL OF: YOUNGKYU LEE, HYOUNGJOON PARK AND JUNGJA YEON | : | |

Appeal from the Order Entered August 27, 2021
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
2019-C-1254

BEFORE:   PANELLA, P.J., NICHOLS, J., and COLINS, J.*

MEMORANDUM BY PANELLA, P.J.:                    **FILED OCTOBER 13, 2022**

Yougkyu Lee, Hyoungjoon Park and Jungja Yeon (collectively, "Appellants") appeal from two separate orders, one of which denied Appellants' motion to supplement the record, and the other denied Appellants' motion to open the default judgment entered against them and in favor of Amy and Christopher Cocca.[1] On appeal, Appellants attempt to challenge

---

* Retired Senior Judge assigned to the Superior Court.

[1] "As a general rule, taking one appeal from separate judgments is not acceptable practice and is discouraged." **Sulkava v. Glaston Finland Oy**, 54
*(Footnote Continued Next Page)*

service of the Coccas' complaint. However, because we agree with the trial court's conclusion that Appellants failed to satisfy the requirements of Pa.R.C.P. 237.3, we affirm both orders.

The Coccas were the owners of a home located in Allentown, Pennsylvania. U.S. Bank, N.A., held the mortgage on the home.[2] Appellants purchased the home at a sheriff's sale in 2016.

The Coccas initiated the instant action in 2019 by filing a praecipe for writ of summons. On March 1, 2021, the Coccas filed a complaint against Appellants and U.S. Bank seeking injunctive and monetary relief, as well as punitive damages. Therein, the Coccas alleged they gave U.S. Bank permission to winterize the house after the sheriff's sale in 2016, but they otherwise retained possession for purposes of packing and removing their

---

A.3d 884, 888 (Pa. Super. 2012) (citation, brackets, and quotation marks omitted). We observe that the order filed on August 25, 2021, which denied Appellants' motion to supplement the record, was not a final, appealable order. *See In re Bridgeport Fire Litig.*, 51 A.3d 224, 229 (Pa. Super. 2012) (reiterating the general rule that "only final orders are appealable, and final orders are defined as orders disposing of all claims and all parties" (citation omitted)). The August 27, 2021 order, in contrast, was a final order, as it disposed of Appellant's motion to open the default judgment. Appellant's challenge to the August 25, 2021 order was therefore reviewable pursuant to the appeal from the August 27, 2021 order. *See Betz v. Pneumo Abex, LLC*, 44 A.3d 27, 54 (Pa. 2012)(stating that "an appeal of a final order subsumes challenges to previous interlocutory decision").

[2] U.S. Bank is not a party to the instant appeal and has not filed an appellate brief. We note that the mortgage and accompanying note are not included in the certified record, nor does the record contain any specific information about the Coccas' default on the mortgage.

belongings. *See* Complaint, 3/1/21, at ¶¶ 5-7, 27-29. The Coccas argued that agents of U.S. Bank nevertheless changed the locks, placed a padlock on the garage door, and gave Appellants keys to the house and garage. *See id.* at ¶¶ 8, 19, 45-48. According to the Coccas, Appellants entered the house; used sledgehammers and tools to destroy the Coccas' belongings located in the home, yard, and garage; and removed other belongings from the home. *See id.* at ¶¶ 34-44. The Coccas alleged that, in total, Appellant "kept, sold, gave away, trashed, and destroyed" over $76,000.00 worth of the Coccas' personal belongings. *See id.* at ¶ 53.

Appellants did not file any responsive pleadings. *See* Pa.R.C.P. 1026(a) (providing that "every pleading subsequent to the complaint shall be filed within twenty days after service of the preceding pleading"). On April 6, 2021, the Coccas filed a praecipe to enter a default judgment.[3] On the same date, the prothonotary entered a default judgment against Appellants "in an am[ount] to be determined." *See* Notice of Filing Judgment, 4/6/21.

On April 15, 2021, Appellants filed a *pro se* petition to open and strike the judgment, and a brief in support thereof, arguing they were never served with the complaint. The trial court issued a rule to show cause why the judgment should not be struck and scheduled a hearing on the matter. In

---

[3] The Coccas sought a default judgment only against Appellants; they did not name U.S. Bank in the praecipe for default judgment.

response, the Coccas asserted that they served Appellants with the praecipe for writ of summons through the sheriffs of Lehigh and Northampton Counties. The Coccas also stated they served the complaint by mail and included the appropriate notice to plead.

Appellants obtained counsel, who entered his appearance on May 12, 2021; the trial court conducted a hearing on the same date.[4] Appellants additionally filed a counseled motion to supplement the record with exhibits and testimony relevant to the issue of service. On August 25, 2021, the trial court issued an order denying Appellants' motion to supplement the record.

Subsequently, on August 27, 2021, the trial court denied Appellants' motion to open, citing Appellants' failure to attach a responsive pleading. Appellants timely filed the instant appeal, identifying both the August 25, 2021, order denying their motion to supplement the record and the August 27, 2021, order denying their motion to open the judgment.

On appeal, Appellants claim the trial court abused its discretion by denying their motion to open the default judgment.[5] According to Appellants,

_____

[4] Appellants later withdrew their motion to strike, but their motion to open the default judgment remained at issue during the hearing.

[5] Appellants devote a separate section of their argument to their claim that the trial court abused its discretion by denying their motion to supplement the record. However, Appellants conflate their analysis of this issue with their challenge to the denial of their motion to open the default judgment. ***See*** Appellants' Brief at 22-27; ***see also id.*** at 22 (arguing the court's refusal to re-open the record denied Appellants due process). Additionally, Appellants
*(Footnote Continued Next Page)*

the trial court's denial of the motion to open based on their failure to file a responsive pleading was "hyper-technical." *See* Appellants' Brief at 13. Appellants argue the trial court did not consider their *pro se* status and failed to adequately "balance the equities" of the case. *See id.* at 13, 15-16.[6] Additionally, Appellants argue the information they provided in their petition to supplement the record was necessary to support their claim that they were not served with the complaint. *See id.* at 22-23.

We review an order granting or denying a petition to open a default judgment for an error of law or manifest abuse of discretion.

> It is well settled that a petition to open a default judgment is an appeal to the equitable powers of the court, and absent an error of law or a clear, manifest abuse of discretion, it will not be disturbed on appeal. An abuse of discretion occurs when a trial court, in reaching its conclusions, overrides or misapplies the law, or exercises judgment which is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will.

*Kelly v. Siuma*, 34 A.3d 86, 91 (Pa. Super. 2011) (citation omitted).

Pennsylvania Rule of Civil Procedure 237.3 permits a party to seek relief from the entry of a default judgment against them by attaching to the petition for relief a proposed complaint, preliminary objections, or answer. *See*

---

advance nearly identical arguments in both motions. We will therefore address these issues together.

[6] To the extent Appellants argue the trial court did not properly weigh Park's testimony, we note that "[i]t is not the role of an appellate court to pass on the credibility of witnesses; hence we will not substitute our judgment for that of the factfinder." *Fazio v. Guardian Life Ins. Co. of America*, 62 A.3d 396, 413 (Pa. Super. 2012) (citation and quotation marks omitted).

Pa.R.C.P. 237.3(a). Pertinently, "[i]f the petition is filed within ten days after the entry of a default judgment on the docket, the court shall open the judgment if one or more of the proposed preliminary objections has merit or the proposed answer states a meritorious defense." Pa.R.C.P. 237.3(b)(2); **see also U.S. Bank Nat'l Assoc. for Pa. Hous. Fin. Agency v. Watters**, 163 A.3d 1019, 1027-28 (Pa. Super. 2017) ("A petition to open a judgment seeks to re-open a case following a default judgment in order to assert a meritorious defense….").[7]

Here, Appellants filed their motion to open the default judgment nine days after the default judgment was entered, which is within the rule-based time limitation. **See** Pa.R.C.P. 237.3(b)(2). However, as the trial court explained in its order denying the petition to open, Appellants failed to attach a copy of the complaint, preliminary objections, or answer they sought leave to file, as required by Pa.R.C.P. 237.3(a). **See** Order, 8/27/21. Appellants' motion to open the default judgment provides no more than a bald allegation that they were not served with the complaint. In the absence of a proposed

_____

[7] "Under prior practice, which was defined by common law, in addition to promptly filing a petition to open and showing a meritorious defense, the petitioner was also required to show a reasonable excuse for the late filing or non-filing." **Attix v. Lehman**, 925 A.2d 864, 865 (Pa. Super. 2007). However, after reviewing the text of Rule 237.3(b) and its Explanatory Comment, this Court has held that a petitioner who complies with the dictates of Rule 237.3(b) is not additionally required to establish a reasonable excuse for the delay. **See id.** at 865-67; **see also** Pa.R.C.P. 237.3, Explanatory Comment (1994).

preliminary objection or answer, Appellants did not reasonably establish a meritorious defense. *See Rivers End Animal Sanctuary & Learning Ctr., Inc. v. Eckhart*, 253 A.3d 1220, 1224 (Pa. Super. 2021) (concluding the trial court erred when it "overrode Pa.R.C.P. 237.3(a)" and opened a default judgment, where the petitioner failed to attach proposed preliminary objections or an answer).

Although Appellants later filed a counseled motion to supplement the record, the motion to supplement likewise fails to satisfy the requirements of Pa.R.C.P. 237.3(a), as no proposed pleading is attached to the motion to supplement. Moreover, Appellants' *pro se* status does not dispense with the requirement to comply with our Rules of Civil Procedure. *See Norman for Estate of Shearlds v. Temple Univ. Health Sys.*, 208 A.3d 1115, 1118-19 (Pa. Super. 2019) ("Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." (citation and quotation marks omitted)). Therefore, the trial court did not abuse its discretion by denying Appellants' motions to supplement the record and to open the default judgment.

Next, Appellants claim the trial court erred by refusing to open the "snap" judgment, which was entered 34 days after the Coccas filed the complaint. *See* Appellants' Brief at 19-22.

Even if we agreed that the instant default judgment was a snap judgment, which we expressly do not, we reiterate that Appellants failed to assert a meritorious defense or comply with Rule 237.3. Accordingly, this claim also fails for the reasons set forth above.

Based upon the foregoing, affirm the trial court's August 25, 2021, order denying Appellants' petition to supplement the record and the August 27, 2021, order denying Appellants' petition to open the default judgment.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 10/13/2022*