J-S43018-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RUI ZHONG LI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| HANGLIANG FEI AND STEVEN WONG | : | |
| AND NEW PHILADELPHIA | : | |
| INVESTMENT, LLC | : | |
| | : | |
| APPEAL OF:  HANGLIANG FEI AND | : | |
| STEVEN WONG | : | No. 1301 EDA 2022 |

Appeal from the Order Entered April 12, 2022,
in the Court of Common Pleas of Philadelphia County,
Civil Division at No(s):  210201365.

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED MARCH 17, 2023**

In this breach-of-contract action, Hangliang Fei and Steven Wong appeal from the order denying their petition to open or to strike the default judgments that Rui Zohng Li has secured against them.  We affirm.

The trial court described the facts of this case as follows:

> In August 2018, Mr. Li loaned Mr. Fei the sum of $50,000 pursuant to a promissory note . . . secured by a 10% interest in New Phila Investment, LLC, which was co-owned by Mr. Fei and Mr. Wong.  Both Mr. Fei and Mr. Wong executed the promissory note.
>
> When Mr. Fei failed to make payments pursuant to the terms of the loan, Mr. Li instituted suit against Mr. Fei and Mr. Wong for breach of contract.  On September 3, 2021, according to the Affidavit of Service filed on the docket, Mr. Li's process server, Richard Scollon, Jr., served a copy of the Complaint upon Mr. Fei and Mr. Wong via substituted service by handing a copy to Selina Leong, an office clerk, at 1010

Race St., 1st Floor in Philadelphia. Neither Mr. Fei nor Mr. Wrong filed a response to the Complaint.

On October 28, 2021, Mr. Li obtained a default judgment against both Mr. Fei and Mr. Wong. On December 6, 2021, Mr. Fei and Mr. Wong filed the Petition to Open [or to Strike] Default Judgment.

Trial Court Opinion, 8/19/22, at 2. However, Mr. Fei and Mr. Wong failed to attach a pleading to their joint petition.

The trial court held a hearing on the petition and denied relief. This timely appeal followed.

Mr. Fei and Mr. Wong raise three appellate issues, as follows:

1. Did the trial court err/fail to consider Pa.R.C.P. 402 does not authorize service on two [individuals] to an unknown office clerk, at a third-party accounting office, when no attempt was made to serve [Mr. Fei and Mr. Wong] at their homes . . . ?

2. Did the trial court err by not considering [that Mr. Fei and Mr. Wong] filed their motion to reopen timely, . . . reasonably explained the default, . . . and offered a reasonable defense . . . ?

3. Did the trial court properly evaluate the "office clerk" allegedly served . . . on behalf of [Mr. Fei and Mr. Wong] to determine whether she could legitimately be served with original process?

Fei & Wong's Brief at 4.

In response, Mr. Li asks whether this Court should summarily affirm the appealed-from order, because Mr. Fei and Mr. Wong "did not attach [a] responsive pleading to their petition to open the default judgments in violation of Pa.R.C.P. 237.3?" Li's Brief at 1. If he is correct, all of Mr. Fei's and Mr.

- 2 -

Wong's claims of error would be moot. Even if the trial court erred on any or all of their claims. In other words, Mr. Fie and Mr. Wong would not be entitled to appellate relief, because their petition to open or to strike the default judgments was facially defective.

Whether to "deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law." **Smith v. Morrell Beer Distributors, Inc.**, 29 A.3d 23, 25 (Pa. Super. 2011). Where, as here, "the question presented involves interpretation of rules of civil procedure, our standard of review is *de novo*." **Coulter v. Ramsden**, 94 A.3d 1080, 1086 (Pa. Super. 2014).

Rule of Appellate Procedure 237.3 mandates that a "petition for relief from a judgment . . . by default . . . **shall** have attached thereto a copy of the . . . preliminary objections, and/or answer which the petitioner seeks leave to file." Pa.R.C.P. 237.3(a) (emphasis added). We recently interpreted this provision in the procedurally similar case of **Rivers End Animal Sanctuary & Learning Ctr., Inc. v. Eckhart**, 253 A.3d 1220 (Pa. Super. 2021).

In **Rivers End**, the animal sanctuary obtained default judgment against Eckhart, who eventually petitioned for relief from the default judgment. He did not attach a pleading (either preliminary objections or an answer/new matter) to his petition. The trial court opened the judgment, and Rivers End appealed. We reversed and said, "the trial court overrode Pa.R.C.P. 237.3(a),

which required Eckhart to attach preliminary objections or an answer to his petition." ***Id.*** at 1224.

We reasoned that Rule 237.3(a), employing the mandatory verb "shall," imposes an affirmative obligation upon parties petitioning to open a default judgment. Failure to attach a pleading (either preliminary objections or an answer to the complaint) is fatal to the petition.

Here, Mr. Fie and Mr. Wrong committed the same procedural error as Eckhart. They did not attach preliminary objections or an answer/new matter to their petition for relief from Mr. Li's default judgments against them. They therefore clearly violated Pa.R.C.P. 237.3(a).

As our precedents indicate, the "right for any reason" doctrine allows [us] to affirm the trial court's decision on any basis that is supported by the record." ***In re A.J.R.-H.***, 188 A.3d 1157, 1175-76 (Pa. 2018). Under the right-for-any-reason doctrine, we affirm the appealed-from order on the basis that Mr. Fei and Mr. Wong violated Pa.R.C.P. 237.2(a). Hence, the trial court did not abuse its discretion by denying their procedurally defective petition, even if it committed the errors that Mr. Fei and Mr. Wong claim.

We dismiss their three appellate issues as moot.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/17/2023</u>