J-A03021-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RIVERS END ANIMAL SANCTUARY AND LEARNING CENTER, INC. | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : : | |
| v. | : : : | |
| DERBE ECKHART | : : | No. 1848 MDA 2019 |

Appeal from the Order Dated October 4, 2019,
in the Court of Common Pleas of Berks County,
Civil Division at No(s):  19-01701.

BEFORE:  LAZARUS, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.:        **FILED: APRIL 16, 2021**

Rivers End Animal Sanctuary and Learning Center, Inc. ("Rivers End") appeals from the order vesting title to a horse in Vera Nederostek, a non-party to this declaratory-judgment action.  This Court need not address that order, because the trial court previously abused its discretion by opening a default judgment against Derbe Eckhart, the named defendant.  We therefore reverse that decision, vacate all the orders entered thereafter (including the order granting title to Ms. Nederostek),[1] and remand with instructions.

Rivers End filed this case asking the court to declare that whatever rights, titles, and interest that Eckhart may have had in nine horses had

---

[1] During oral argument, counsel for Rivers End made clear that Rivers End never asserted an interest in the horse superior to Ms. Nederostek's claim in this action.  We therefore offer no opinion on that issue.  Any dispute between Ms. Nederostek and Rivers End must await future litigation for resolution.

transferred to Rivers End.  Allegedly, On January 13, 2019, Eckhart's agent transferred to Rivers End any rights, titles, or interests Eckhart may have possessed in those animals.  *See* Complaint at 1.  Rivers End Rivers End took possession of the nine horses and placed them in 30-day-quarantine facilities. During the quarantine period, Eckhart and his agents contacted the facilities to dispute Rivers End's ownership and possession.  Thus, Rivers End filed this declaratory-judgment action to resolve Eckhart's claim, if any, to the horses. *See id.* at 3-4.

Eckhart failed to enter an appearance or to file any pleadings opposing Rivers End's Complaint.  The Prothonotary of Berks County therefore entered a default judgment against him.

That same day, Rivers End moved for the trial court to enjoin Eckhart and his agents "from claiming or asserting any right, title, or interest in (or to) any of the nine horses [and] transferring all such claims to [Rivers End] . . . ."  Rivers End's Motion, 4/2/19, at 1.  Rivers End also asked the trial court to decree that Eckhart's "ownership (if any) of the said nine horses did transfer to [Rivers End] on January 13, 2019, and [to bar] his agents . . . and his assignees . . . from claiming any title, or interest in (or to) any of the said nine horses."  *Id.*

Ten days later, on April 12, 2019, Eckhart filed a petition to open the default judgment and to quash Rivers End's motion.  That petition did not have preliminary objections or an answer to the Complaint attached to it.

Without awaiting a reply from Rivers End, the trial court opened the default judgment and quashed Rivers End's motion.

The case proceeded through five "status conferences" that the trial court scheduled to monitor the location and wellbeing of the horses. The court never convened a trial or heard oral argument, but, on October 4, 2019, it inexplicably issued two orders that disposed of all claims and all parties.[2]

The first order granted Rivers End injunctive relief against Eckhart regarding eight of the horses. **See** Trial Court Order, 10/4/19 filed at 11:44 am. It also granted relief Rivers End did not seek, namely, quiet title to the eight horses. Furthermore, the trial court established itself as trustee of the living chattels by forbidding Rivers End from selling or transferring title to the eight horses without court approval.[3]

The second order vested ownership of the ninth horse, Sahara, in a third party. The court held:

> the horse known as Sahara shall remain in the permanent possession of Vera Nederostek. Moreover, Vera Nederostek is hereby vested with sole legal and equitable ownership of Sahara.

---

[2] Because the trial court entered the two orders prior to trial, those orders are grants of summary judgment. Thus, Rivers End did not need to file post-trial motions to preserve its claims for appeal under Pennsylvania Rule of Civil Procedure 227.1, as the trial court asserts. **See** Trial Court Opinion, 1/15/20, at 1. Rivers End correctly filed an immediate notice of appeal, because Rule 227.1 only applies "**After** trial . . . ." Pa.R.C.P. 227.1 (emphasis added).

[3] The trial court cited no law empowering it to do this, and we know of none.

- 3 -

> Vera Nederostek shall remain responsible for the care of Sahara for the remainder of the horse's lifetime. Should Sahara need to be placed into the care of another individual or otherwise adopted or sold, Vera Nederostek shall seek the permission of this Court before doing so.

Trial Court Order, 10/4/19 filed at 4:01 pm.

A timely notice of appeal followed.[4]

Rivers End asks, "Was it an error of law to open a default judgment, when [Eckhart] did not even try to show a meritorious defense, as is required by Rule [of Civil Procedure] 237.1(a) and as is required by the 3-pronged test?" Rivers End's Brief at 4 (capitalization removed).[5]

"The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that

---

[4] Eckhart did not participate in this appeal, and Ms. Nederostek did not file a petition to intervene.

[5] Rivers End raises two other appellate issues. They are:

> B.   Was it an error of law, in a declaratory-judgment case between one plaintiff and one defendant (involving title to nine horses), for the court to give permanent "sole legal and equitable ownership" of one of the nine horses to a non-party . . .?

> C.   Was it error to render a decision on the merits, on Oct. 1 during a settlement conference, leading up to an Oct. 15 trial, by issuing an order "vesting" "sole legal and equitable ownership" of one of the horses in a non-party, when the case was simply a case between one plaintiff and one defendant . . .?

Rivers End's Brief at 4-5 (capitalization omitted). We dismiss these issues as moot, given our resolution of the first claim of error.

decision absent a manifest abuse of discretion or error of law." **_Smith v. Morrell Beer Distributors, Inc._**, 29 A.3d 23, 25 (Pa. Super. 2011). "An abuse of discretion is not a mere error of judgment, but if in reaching a conclusion, the law is overridden or misapplied; or the judgment exercised is manifestly unreasonable; or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused." **_Id._** If "the question presented involves interpretation of rules of civil procedure, our standard of review is _de novo_." **_Coulter v. Ramsden_**, 94 A.3d 1080, 1086 (Pa. Super. 2014).

"In general, a default judgment may be opened when the moving party establishes three requirements: (1) a prompt filing of a petition to open the default judgment; (2) a meritorious defense; and (3) a reasonable excuse or explanation for its failure to file a responsive pleading." **_Smith_**, 29 A.3d at 25. Additionally, Rule of Civil Procedure 237.3 dictates that "A petition for relief from a judgment . . . by default . . . shall have attached thereto a copy of the complaint, preliminary objections, and/or answer which the petitioner seeks leave to file. All grounds for relief shall be raised in a single petition." Pa.R.C.P. 237.3(a).

Rivers End contends Eckhart's petition to open the default judgment failed to meet the second prong of the test, and that it violated the Rule 237.3 governing such petitions. We agree.

Eckhart's petition, on its face, failed to establish a meritorious defense, as **_Smith_**, **_supra_**, requires. His claim of a defense was boilerplate language,

*i.e.*, "Your Petitioner believes and therefore asserts that he has meritorious defenses and counterclaims which, in the interest of substantial justice and fairness, he should be granted leave to present under the circumstances." Eckhart's Petition to Open Default Judgment at 2. This bald assertion of belief does not indicate what allegedly "meritorious defenses and counterclaims" Eckhart would have advanced, much less establish them under the law of property or at equity.

Accordingly, the trial court's decision to grant Eckhart's petition was manifestly unreasonable, because there is nothing in his petition that could lead a reasonable person to conclude he had established a meritorious defense or alleged a colorable counterclaim. Eckhart merely stated he believed these unidentified legal theories existed. Unsubstantiated statements of personal beliefs do not establish legal defenses or counterclaims, either in fact or at law. Therefore, the trial court had no rational basis for opening the default judgment.

Furthermore, the trial court overrode Pa.R.C.P. 237.3(a), which required Eckhart to attach preliminary objections or an answer to his petition. He did not fulfil that requirement. Hence, the trial court misapplied Rule 237.3(a), because it overlooked Eckhart's clear failure to attach preliminary objections or an answer to the petition to open the default judgment.

The trial court therefore abused its discretion when it ordered that the default judgment against Eckhart be opened. As such, we reverse the order opening the default judgment that the prothonotary entered in favor of Rivers

End, and we vacate all orders that the trial court subsequently entered in this matter. We remand with instructions for the trial court to enter the following order:

> AND NOW, this _____ day of _____, 2021, upon consideration of Plaintiff Rivers End Animal Sanctuary and Learning Center, Inc.'s Motion of April 2, 2019, it is hereby **ORDERED AND DECREED** that Defendant Derbe Eckhart's rights, titles, and interests (if any) in or to the following horses:
>
> 1. Dixie, a Black Mare
>
> 2. Luna, a Cremello Mare
>
> 3. Magic, a Sorrel/White Mare
>
> 4. Cuddles, a Grey Mare
>
> 5. Becca, a Sorrel Mare
>
> 6. Abbey, a Black and White Paint Mare
>
> 7. Penny, a Spotted POA Mare
>
> 8. Poco, a Bay Paint Mare
>
> 9. Sahara, a Buckskin Quarter Mare
>
> are divested of Eckhart and transferred to Rivers End Animal Sanctuary and Learning Center, Inc.; transfer of Eckhart's ownership interests (if any) in or to the horses is deemed effective as of January 13, 2019.
>
> It is further **ORDERED AND DECREED** that Eckhart, his agents, heirs, successors, and assigns are forever and permanently **ENJOINED** from claiming or asserting any rights, titles, or interests in or to any of the nine horses.

Order opening default judgment reversed; subsequent orders vacated; case remanded for further proceedings consistent with this decision.

Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>04/16/2021</u>