J-S25003-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| PETER P. COYLE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ALLENTOWN PARKING AUTHORITY, | : | No. 459 EDA 2023 |
| RIVERVIEW LOFTS ALLENTOWN | : | |
| AND RIVERVIEW LOFTS | : | |
| ALLENTOWN, LLC | | |

Appeal from the Order Entered January 19, 2023
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
2022-C-1755

BEFORE:  NICHOLS, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED NOVEMBER 7, 2023**

Appellant Peter P. Coyle appeals *pro se* from the order granting the petition to open the default judgment filed by Appellees Riverview Lofts Allentown and Riverview Lofts Allentown, LLC[1] (Riverview) and dismissing Appellant's complaint.  Appellant argues that the trial court erred in granting Riverview's petition to open the default judgment and abused its discretion in dismissing Appellant's complaint.  We affirm.

The trial court summarized the underlying facts and procedural history of this matter as follows:

Appellant rented an apartment unit at 114 W. Allen Street, Allentown, PA, owned by Riverview Lofts Allentown, LLC, [and]

---

[1] We note that Appellant has not appealed the order dismissing the complaint against Allentown Parking Authority.

Riverview Lofts Allentown (collectively "Riverview"). The dispute began as a relatively simple landlord-tenant matter concerning [Appellant's] failure to pay rent to Riverview in the late summer of 2021 . . . .

On February 14, 2022, [Appellant] filed a complaint in the Lehigh County Court against Riverview docketed to No. 2022-C-0328 alleging: (1) breach of contract/covenant of good faith and fair dealing, (2) anticipatory breach of contract/covenant of good faith and fair dealing, and (3) negligence arising out of the landlord-tenant dispute. After several pre-trial motions were decided against [Appellant], he voluntarily withdrew the complaint on July 29, 2022, by filing a praecipe to withdraw and discontinue that stated *inter alia*, "I wish to discontinue the case."

However, and prior to the withdrawal of the first complaint, [Appellant] filed a second complaint against Riverview and Allentown Parking Authority ("APA") on March 21, 2022, at Lehigh County Docket No. 2022-C-0606. The second complaint alleged causes of action for: (1) actual breach of contract/covenant of good faith and fair dealing, and (2) negligence arising out of the landlord tenant dispute and the towing/impounding of [Appellant's] vehicle. [Appellant] also filed for a preliminary injunction requesting to enjoin [Appellees] from towing/impounding his vehicle. On April 27, 2022, [Appellant] voluntarily filed a praecipe to withdraw his complaint and petition for injunctive relief, thereby ending the litigation in case No. 2022-C-0606.

In [Appellant's] separate appeal from an MDJ judgment in favor of Riverview docketed to Lehigh County Docket Number 2022-C-0434, Riverview filed a complaint seeking a money judgment and possession against [Appellant]. [Appellant] subsequently filed an answer and counterclaim against Riverview and the APA related to impoundment of his vehicle. Following [Appellant's] failure to appear for a compulsory arbitration hearing and following a hearing before the court pursuant to Pa.R.C.P. 1303(a)(2) and Leh.R.C.P. 1303(e), Riverview obtained a judgment for money and for possession against [Appellant]. Relevant to the disposition in the instant matter, [Appellant's] counterclaims for: (1) actual breach of contract/covenant of good faith and fair dealing, [] (2) negligence, (3) breach of [quiet] enjoyment, (4) nuisance, and (5) abuse of process were dismissed. Not only did [Appellant] fail to appeal that order, final on July 6, 2022, or seek

to open the judgment, but his motion to reconsider was denied by this court on August 22, 2022.

On August 24, 2022, [Appellant] filed the within action docketed to 2022-C-1755 against Riverview and APA, alleging: (1) actual breach of contract/covenant of good faith and fair dealing, (2) unlawful eviction, (3) negligence, (4) breach of quiet enjoyment, (5) nuisance and (6) abuse of process.

Trial Ct. Op., 1/19/23, at 1-2.

[The complaint was] personally served on Riverview October 28, 2022. On November 22, 2022, Riverview filed a motion to dismiss under Pa.R.C.P. 233.1 contending [Appellant's] complaint was frivolous. While Riverview's motion to dismiss remained pending, [Appellant] filed two (2) separate praecipes on November 29, 2022 to enter judgments by default against Riverview. By petition filed on December 7, 2022, Riverview sought to strike and/or open the judgments. Accordingly, by order dated December 9, 2022, the court opened and struck the default judgments entered against Riverview. On January 19, 2023, Riverview's motion to dismiss was granted.

Trial Ct. Op., 3/31/23, at 1-2.

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant raises the following issues for review:

1. Did the court err in granting Appellees' petition to open/strike the default judgment issued against them?

2. Did the court err and abuse its discretion in dismissing Appellant's complaint under rule 233.1?

Appellant's Brief at 4.

In his first claim, Appellant argues that the trial court erred in granting Riverview's motion to open/strike the default judgment. *Id.* at 14-15. With

respect to the motion to strike, Appellant asserts that Riverview failed to file an answer or preliminary objections and that the trial court erred in concluding that Riverview's motion to dismiss was a "responsive pleading." *Id.* at 15. Additionally, regarding the petition to open the default judgment, Appellant asserts that Riverview failed to "include a copy of the complaint, preliminary objections, and/or a copy of the complaint," as required by Pa.R.Civ.P. 237.1. *Id.*

Initially, we note that "[a] petition to open a default judgment and a petition to strike a default judgment seek distinct remedies and are generally not interchangeable." *Stauffer v. Hevener*, 881 A.2d 868, 870 (Pa. Super. 2005) (citation omitted).

"An appeal regarding a petition to strike a default judgment implicates the Pennsylvania Rules of Civil Procedure. Issues regarding the operation of procedural rules of court present us with questions of law. Therefore, our standard of review is *de novo* and our scope of review is plenary." *Dig. Commc'ns Warehouse, Inc. v Allen Invs., LLC*, 223 A.3d 278, 284 (Pa. Super. 2019) (citations and quotation marks omitted).

> A petition to strike a judgment operates as a demurrer to the record, and must be granted whenever some fatal defect appears on the face of the record. When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a judgment, a [trial] court may only look at what was in the record when the judgment was entered. Importantly, a petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner,

- 4 -

as a matter of law, to relief. Importantly, a petition to strike does not involve the discretion of the trial court.

*Oswald v. WB Public Square Assocs., LLC,* 80 A.3d 790, 793-94 (Pa. Super. 2013) (citations omitted and formatting altered). In other words, "[t]he standard for 'defects' asks whether the procedures mandated by law for the taking of default judgments have been followed." *Roy v. Rue*, 273 A.3d 1174, 1182 (Pa. Super. 2022) (citation omitted).

Conversely, "a petition to open a default judgment is an appeal to the equitable powers of the [trial] court." *Dig. Commc'ns Warehouse, Inc.*, 223 A.3d at 285 (citation and brackets omitted). This Court has explained:

> The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law. An abuse of discretion is not a mere error of judgment, but if in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias[,] or ill[-]will, as shown by the evidence or the record, discretion is abused.

*Id.* (citation omitted and formatting altered).

Pennsylvania Rule of Civil Procedure 237.3(b)(2) states that if a petition to open a default judgment is filed within ten days after the entry of a default judgment on the docket, then "the court shall open the judgment if one or more of the proposed preliminary objections has merit or the proposed answer states a meritorious defense." Pa.R.Civ.P. 237.3(b)(2); *see also Boatin v. Miller*, 955 A.2d 424, 427-29 (Pa. Super. 2008) (explaining that if a petitioner meets the two requirements set forth in Rule 237.3(b)(2) and files a petition

to open within ten days and states a meritorious defense, he "does not need to satisfy the common law requirement that he provide a reasonable excuse for the failure that led to the judgment by default").

In order to assert a meritorious defense, a party must assert a defense that, if proven at trial, would entitle the party to judgment in its favor. **Reid v. Boohar**, 856 A.2d 156, 162 (Pa. Super. 2004). This Court has held that "broad averments . . . are sufficient to plead a meritorious defense." **Attix v. Lehman**, 925 A.2d 864, 867 (Pa. Super. 2007).

Here, in granting Riverview's motion to open/strike the default judgment, the trial court stated:

> A review of the record reveals that, prior to entry of the default judgment, [Appellees] filed a responsive pleading in the nature of a motion to dismiss under Pa.R.Civ.P. 233.1 and therefore entry of a default judgment was not proper. Thus, the default judgment is stricken. **See** Pa.R.Civ.P. 206.4(a)(2) (judgment shall be stricken without issuance of a rule where defect of record constitutes ground for striking a default judgment). Further, Pa.R.Civ.P. 237.3(b)(2) provides that if a petition for relief from a default judgment, as [Appellees] did in this case, the court shall open the judgment if the proposed responsive pleading, in this case the motion to dismiss, has merit.

Trial Ct. Order, 12/9/22.

In its Rule 1925(a) opinion, the trial court further explained:

> In this matter, on November 22, 2022, Riverview filed a motion to dismiss in accordance with Pa.R.Civ.P. 233.1 contending [that Appellant's] *pro se* complaint was frivolous and a decision on the motion to dismiss remained pending when [Appellant] entered his default judgments. Riverview's motion to dismiss averred that the prior actions commenced by [Appellant] and later withdrawn or disposed of by court action were virtually identical to the claims made by [Appellant's] in the instant matter, and therefore

- 6 -

Riverview's motion to dismiss set forth a viable defense to [Appellant's] claims, despite the lack of a filed answer. Additionally, Riverview pled the same in support of their petition to open or strike the default judgments.

While Pa.R.C.P. 237.3(a) provides a petition to open a default judgment must have a verified copy of the answer attached, the comment interpreting that rule supports the proposition that relief from the entry of a default judgment may still be available even though a petitioner fails to attach a verified copy of the answer to the petition. The 2016 Explanatory Comment to Rule 237.3 provides, in pertinent part[:]

> The purpose of Rule 237.3 is to give a litigant who promptly responds to the entry of a judgment under this rule the ability to prosecute or defend a case. The rule does not achieve its purpose if a litigant is barred from doing so by a technical requirement.

Further, the Superior Court has granted relief to a petitioner who failed to attach a verified answer to its petition. ***Boatin v. Miller,*** 955 A.2d 424, 427 (Pa. Super. 2008) . . . ([concluding that b]ecause the allegations in [the d[efendant's petition appeared elsewhere in the record, [the d]efendant's failure to attach a verified copy of the answer to its petition as per local rule would not constitute a basis to deny relief under Rule 237.3). As noted by the Superior Court, "looking exclusively at the answer attached to a petition to open a default judgment when deciding if there is a meritorious defense [would be] an 'overly strict interpretation of [Rule] 237.3.'" ***Stauffer v. Hevener***, 881 A.2d 868, 871 (Pa. Super. 2005) [(citation omitted)].

In this matter, Riverview filed a motion to dismiss prior to the entry of the default judgments and thus had a meritorious defense pending at the time the default judgments were entered, *i.e.*, that [Appellant's] complaint was frivolous. To find otherwise would allow [Appellant] to frustrate the stated purpose of Pa.R.C.P. 233.1; to prevent *pro se* litigants from filing serial lawsuits of questionable merit and spare defendants the need to defend spurious claims. ***See*** Pa.R.C.P. 233.1, Comment.[fn1]

> [fn1] This court respectfully submits that the case of ***Rivers End Animal Sanctuary and Learning Center, Inc. v. Eckhart***, 253 A.3d 1220 (Pa. Super. 2021) is distinguishable. Unlike the situation in the instant matter, [the defendant in] ***Eckhart*** not only failed to attach a

proposed answer to his petition to open, the petition was materially defective, averring merely boilerplate assertions and conclusions of law and lacked any basis upon which a court could exercise its discretion. Riverview's petition to open, however, averred a viable defense to [Appellant's] claims in accordance with Pa.R.C.P. 233.1; namely that all of [Appellant's] claims be dismissed as frivolous based upon [Appellant's] previously raised and virtually identical claims that were either dismissed or withdrawn. Accordingly, Riverview's motion to dismiss placed [Appellant] on notice that the claims in his complaint were contested, and the lack of an attached answer should not, under these unique circumstances, disqualify [Riverview] from relief to challenge a default judgment.

Trial Ct. Op. at 2-4.

Following our review of the record, we find no error of law by the trial court in granting Riverview's motion to strike the default judgment. *See Dig. Commc'ns Warehouse, Inc.*, 223 A.3d at 284. As noted by the trial court, because Riverview filed a motion to dismiss, entry of a default judgment was improper on the face of the record. *See* Pa.R.C.P. 233.1(a) (stating that a defendant may file a motion dismiss a complaint as frivolous "[u]pon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas . . .")

Additionally, we discern no abuse of discretion by the trial court in granting Riverview's petition to open the default judgment. *See Dig. Commc'ns Warehouse, Inc.*, 223 A.3d at 284. As noted by the trial court, Riverview filed a timely petition stating a meritorious defense. *See* Pa.R.Civ.P. 233.1 (permitting a defendant to move for dismissal of a frivolous complaint filed by a *pro se* plaintiff). Further, although Riverview did not attach an

- 8 -

answer or preliminary objections to its petition, the allegations of fact stated in the petition appeared elsewhere in the record. *See Boatin*, 955 A.2d at 427-29 (vacating the trial court's order denying the defendant's petition to open and explaining that, although the defendant did not attach an answer or preliminary objections to the petition, the petition set forth a meritorious defense); *cf. Eckhart*, 253 A.3d at 1223-24 (concluding that the trial court erred in opening a default judgment because the defendant failed to attach an answer or preliminary objections and the petition to open did not provide a meritorious defense). Therefore, under the circumstances of this case, we conclude that the trial court did not err in granting Riverview's petition to open the default judgment.

**Dismissal of Complaint**

In his remaining claim, Appellant argues that the trial court erred in dismissing his complaint as frivolous under Pa.R.Civ.P. 233.1. Appellant's Brief at 20. With respect to the lawsuits that Appellant initiated at 2022-C-0328 and 2022-C-0606, Appellant contends that he withdrew those cases "to consolidate a stronger defense and counter offense against Appellees in 2022-C-0434." *Id.* at 28. Appellant also argues that although the trial court entered a judgment of *non pros* as to his counterclaim at 2022-C-0434, the entry of *non pros* does not preclude him from filing a new action raising the same claims. *Id.* at 23. Further, Appellant argues that his claims at 2022-C-0434 were never fully resolved, as the trial court did not consider the issues raised in Appellant's untimely motion for reconsideration. *Id.* at 25. Finally,

Appellant claims that Pa.R.Civ.P. 233.1 is unconstitutional as applied to him, and that "it would be in the best interest of all parties to allow [Appellant] to have the capability to recover damages without the need to increase his damages by hiring a representative." *Id.* at 29.

Riverview responds that the trial court properly concluded that dismissal was appropriate under Pa.R.Civ.P. 233.1. Riverview's Brief at 16. In support, Riverview argues that Appellant is a "*pro se* plaintiff [] alleging related claims which he raised, *pro se*, in the 2022-C-0328 complaint, the 2022-C-0606 complaint, and the 2022-C-0434 counterclaim against related defendants which have all already been resolved." *Id.* Additionally, Riverview contends that all of Appellant's "perceived wrongs . . . concern the alleged breach of a landlord tenant lease, the improper towing/impounding of Appellant's vehicle, and Appellees' use of proper procedural process to enforce their claims in evicting Appellant" and "Appellant's pleadings against the same defendants [in each case] are nearly repeated verbatim." *Id.* at 17. Riverview concludes that "the record supports that all of Appellant's claims, either raised by him, or in response to Appellees' claims, were either previously voluntarily withdrawn by Appellant, or adjudicated by court proceedings" and that therefore, "the trial court was proper in finding that all of Appellant's prior claims against Appellees had been 'resolved.'" *Id.*

When reviewing an order granting a motion to dismiss pursuant to Rule 233.1, "our standard of review is *de novo*, and our scope of review is plenary." *Gray v. Buonopane*, 53 A.3d 829, 834 (Pa. Super. 2012) (citations omitted).

- 10 -

Pennsylvania Rule of Civil Procedure 233.1 "limits the ability of *pro se* plaintiffs to prolong litigation through the filing of serial complaints after the claims they allege have been resolved." ***Id.***

The Rule provides, in relevant part:

(a) Upon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that

(1) the *pro se* plaintiff is alleging the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants, and

(2) these claims have already been resolved pursuant to a written settlement agreement or a court proceeding.

Pa.R.C.P. 233.1.

Rule 233.1 is intended to address duplicative *pro se* litigation. The explanatory comment to Rule 233.1 states:

It has come to the attention of the Supreme Court that certain litigants are abusing the legal system by repeatedly filing new litigation raising the same claims against the same defendant even though the claims have been previously adjudicated either through settlement or through court proceedings. New Rule 233.1 provides relief to a defendant who has been subjected to this type of repetitive litigation. While attorneys are subject to the rules of disciplinary procedure, no analogous rule exists to curb this type of abuse when done by a *pro se* party.

Pa.R.C.P. 233.1 cmt.

"[N]either the language of the Rule nor the explanatory comment mandate the technical identity of parties or claims imposed by *res judicata* or collateral estoppel; rather, it merely requires that the parties and the claims raised in the current action be 'related' to those in the prior action and that

- 11 -

those prior claims have been 'resolved.'" ***Gray***, 53 A.3d at 836 (citation and emphasis omitted). "A complaint is related when it deals with the same subject matter as a previous complaint." ***Coulter v. Lindsay***, 159 A.3d 947, 953 (Pa. Super. 2017) (footnote omitted). "A claim is resolved when there has been a definite decision thereon." ***Id.*** at 954 (citation omitted). Importantly, the Rule does not require the matter to have progressed to a final judgment on the merits. ***Gray***, 53 A.3d at 836. Rather, an action is "resolved" if the "*pro se* litigant is availed of a chance to address his claim subject to the contractual guarantee of a settlement agreement or to the procedural safeguards that attend a court proceeding." ***Id.***

Here, the trial court addressed Riverview's motion to dismiss Appellant's complaint as follows:

> Upon a review of [Appellant's] pleadings in the prior matters, all perceived wrongs raised by [Appellant] concern the alleged breach of the landlord tenant lease, the improper towing/impounding of [Appellant's] vehicle, and [Appellees'] use of process to enforce their claims. In fact, [Appellant's] pleadings are nearly repeated verbatim, and appear to be nothing more than "cutting and pasting" the prior raised allegations into the subsequent pleadings including the complaint filed in the instant matter. Additionally, [Appellant's] disputes involve the same named defendants and the fact that [Appellant] voluntarily withdrew his claims prior to the filing of the instant matter affords him no relief. ***See Gray***, at 836 ("[N]either the language of the Rule nor the explanatory comment mandate the technical identity of parties or claims imposed by *res judicata* or collateral estoppel; rather, it merely requires that the parties and the claims raised in the current action be 'related' to those in the prior action and that those prior claims have been 'resolved.'").
>
> The record supports that all of [Appellant's] claims either raised directly by him, or in response to [Appellees'] claims, have either

been voluntarily withdrawn by [Appellant] (Lehigh County Docket Nos. 2022-C-328, 2022-C-0606) or adjudicated by court proceedings. (Lehigh County Docket No. 2022-C-0434). Therefore, all of [Appellant's] prior claims against [Appellees] have been resolved. Consequently, [Appellant] is not allowed to again raise the same allegations against the same [Appellees] in the instant matter as Pa.R.C.P. 233.1 expressly prohibits this practice. Finally, [Appellant's] contentions that Rule 233.1 is unconstitutional has been considered and rejected by the appellate courts. *See Coulter v. Lindsay*, 159 A.3d 947, 952, 953 (Pa. Super. 2017). Accordingly, this Court will enter an appropriate order dismissing [Appellant's] claims and preclude [Appellant] from raising his allegations against [Appellees] for a fourth time.

Trial Ct. Op., 1/19/23, at 3-4.

Following our review of the record, we find no error of law in the trial court's conclusions. *See Gray*, 53 A.3d at 834. As noted by the trial court, Appellant's claims in the instant case are identical to the issues he raised in prior actions involving Appellees. *See* Pa.R.C.P. 233.1. Further, we agree with the trial court's conclusion that Appellant's prior claims were resolved. *See id; see also Gray*, 53 A.3d at 836 (reiterating that Rule 233.1 does not require that the prior matter proceed to a final judgment on the merits and explaining that a case is "resolved" if the "*pro se* litigant is availed of a chance to address his claim subject to . . . the procedural safeguards that attend a court proceeding). Finally, to the extent Appellant claims that Rule 233.1 is unconstitutional, the trial court correctly conclude that Appellant's assertion is meritless. *See Coulter*, 159 A.3d at 952-54. For these reasons, Appellant is not entitled to relief. Accordingly, we affirm.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>11/7/2023</u>