J-A18024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| TRUMARK FINANCIAL CREDIT UNION | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHAKIA A. PERRY | : | |
| | : | |
| Appellant | : | No. 2387 EDA 2024 |

Appeal from the Order Entered September 5, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  230800525

BEFORE:  OLSON, J., DUBOW, J., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED OCTOBER 10, 2025**

Shakia A. Perry ("Perry") appeals pro se from the order denying her "Motion to Dismiss Default Judgment and Complaint," following the entry of default judgment in the amount of $46,376.45 in favor of TruMark Financial Credit Union ("TruMark").  Upon review, we affirm.

The trial court aptly set forth the underlying factual and procedural history:

> On June 10, 2021, Perry purchased a 2019 Mercedes-Benz C-300 ("Vehicle") from [Ray Catena Motor Car Corporation] valued at $39,494.00.  To finance the purchase, Perry executed a Loan and Security Agreement ("Agreement") with TruMark, borrowing $42,395.00, at an annual interest rate of 4.040%, with the loan secured by the Vehicle.
>
> Within the terms of the Agreement, Perry listed her address as "2726 Tree Terrace, Philadelphia, PA 19145."  Perry agreed to repay the loan obligation in seventy-one (71) monthly installments of $674.67, with the first payment due on September 7, 2021.  Per the Agreement terms, the total value of $47,901.39

would be due in its entirety if Perry defaulted. On September 7, 2021, Perry defaulted per the Agreement terms by failing to make the first payment and all payments thereafter. In response, TruMark repeatedly requested payment and cure of the default to no avail.

After a full year, during which Perry failed to cure the default or make any payments, TruMark engaged Jordan Towing Inc., on June 12, 2022, to repossess the Vehicle. According to a Philadelphia Police Department Incident Report, Perry observed the tow truck operator securing the Vehicle from the front of the residence located at 2726 Tree Terrace, Philadelphia, PA 19145. Perry confronted the tow truck operator and allegedly brandished a firearm, prompting the tow truck operator to release the Vehicle and flee the location. Perry falsely informed the responding Philadelphia uniformed police officers that the subject vehicle had been "fully paid" and that she "does not owe on her vehicle."

A later repossession attempt was successful. However, attempts by TruMark to resell the Vehicle were stalled when, according to the Pennsylvania State Police Fraud Unit, Perry had attempted to transfer the Vehicle title to herself. Notwithstanding Perry's obstructionist conduct, TruMark successfully sold the Vehicle via private sale on February 27, 2024. Then, after accounting for accrued interest, fees, and the Vehicle's diminished value, TruMark assessed a deficiency balance of $46,376.45, against Perry.

On August 4, 2023, TruMark filed a complaint in the Civil Division of the Court of Common Pleas for the First Judicial District of Pennsylvania, alleging losses emanating from Perry's breach of contract. The matter was set for Arbitration hearing of June 13, 2024. [TruMark] filed affidavit of service, [noting Perry] was personally served with a copy of the notice to defend and complaint at 3431 North 19th Street, Philadelphia, Pennsylvania on November 18, 2023. Perry failed to file any responsive pleading to the complaint within the mandatory reply period of twenty (20) days. Later, Perry attempted to excuse her lack of timely response by contesting service and contending that the property located at 3431 North 19th Street, Philadelphia, Pennsylvania had belonged to her daughter.

On December 19, 2023, Perry assented to the jurisdiction of the Court by filing a fifty-five (55) paged, partially handwritten

document entitled answer with counterclaims. Within this somewhat incomprehensible filing, Perry attempted to allege that she had not been properly served or notified of the complaint. Perry's answer with counterclaims included incoherent allegations against TruMark's CEOs and attorneys, employees of the Department of Motor Vehicle, vehicle dealerships, and local financial institutions. Perry cited violations of New Jersey state law when this civil action is governed under Pennsylvania Law. Perry demanded compensatory and punitive damages exceeding One-Hundred Million Dollars ($100,000,000.00), payable in USD, Silver, or Gold.

On January 8, 2024, TruMark filed preliminary objections to Perry's answer and counterclaims, which were sustained by the Honorable Damaris L. Garcia, Judge of the Court of Common Pleas for the First Judicial District of Pennsylvania on February 26, 2024. Judge Garcia's February 26, 2024 order struck Perry's answer with counterclaims due to its procedural deficiencies[,] but granted Perry twenty (20) days to file an amended response. Despite receipt of the grace of the Court, Perry failed to comply with Judge Garcia's order. [On March 20, 2024, TruMark sent a notice of its intent to praecipe for default judgment to Perry. Perry did not respond.] … [O]n April 2, 2024, TruMark filed a praecipe for entry of default judgment. Judgment damages were assessed at $46,376.45.

Trial Court Opinion, 2/13/2025, at 2-4 (footnotes, emphasis, and some capitalization omitted).

On June 13, 2024, Perry pro se filed a petition to open/vacate default judgment. In the petition, Perry argued that TruMark committed fraud related to the transfer of the Vehicle's title and TruMark did not properly serve the complaint. Perry asserted that she lived at 3000 Chestnut Street, Philadelphia, not at 3431 North 19th Street, Philadelphia. Notably, however, Perry attached to the petition a document of an unrelated criminal matter,

which listed her address as 3431 North 19th Street. The trial court denied the petition to open/vacate on July 10, 2024. Perry did not file an appeal.

On July 31, 2024, Perry filed a motion to dismiss the default judgment and complaint. In this motion, Perry argued that she was not served with the complaint, there were issues with the vehicle title and discrepancies in the amount due, fraudulent liens and power of attorney related to the title, Uniform Commercial Code ("UCC") violations, and misconduct by TruMark's attorney. On August 1, 2024, the trial court issued a rule returnable, scheduling a hearing for September 5, 2024. Following the hearing, the trial court denied the motion to dismiss. Perry subsequently filed a timely appeal.

On appeal, Perry raises the following questions for our review:

1. Whether the trial court erred in entering default judgment despite [Perry's] timely filing under Pa.R.C[iv].P. 237.3(b), Pa.R.C[iv].P. 205. 1, and Pa. Const. Art. I, § 11?

2. Whether the trial court improperly relied on stricken filings without formal reinstatement, in violation of Pa. Const. Art. I, § 11, Pa.R.C[iv].P. 1033, **Phillips v. Lock**, 86 A.3d 906 (Pa. Super. 2014)?

3. Whether the trial court erred in failing to investigate title validity despite law enforcement evidence and [TruMark's] records, in violation of Pa. Const. Art. I, § 1, Uniform Commercial Code § 9-609 (codified at 13 Pa.C.S. § 9609), and **Johnson v. Hyundai Motor America**, 698 A.2d 631 (Pa. Super. 1997)?

4. Whether the trial court erred in entering default judgment without a complete and accurate loan accounting, in violation of Pa. Const. Art. I, § 1, UCC § 9-616 (codified at 13 Pa.C.S. § 9616), and **First Union National Bank v. Estate of Shevlin**, 897 A.2d 1247 (Pa. Super. 2006)?

5. Whether the trial court erred in permitting a deficiency judgment without confirming that the required notice of repossession was provided, as mandated by UCC § 9-611 (codified at 13 Pa.C.S. § 9611), *General Electric Credit Corp. v. Aetna Cas. & Sur. Co.*, 437 Pa. 463 (1970), and Pa. Const. art. I, § 11, thereby violating [Perry's] due process rights?

6. Whether the trial court failed to investigate whether [TruMark's] sale of the repossessed vehicle was conducted in a commercially reasonable manner under UCC § 9-610(b) (codified at 13 Pa.C.S. § 9610(b), 75 Pa.C.S. § 1111, and *Chrysler Credit Corp. v B.J.M., Jr, Inc.*, 834 F. Supp. 813 (E.D. Pa. 1993)?

7. Whether the trial court erred in entering a deficiency judgment without addressing payoff discrepancies, in violation of Pa. Const. Art. I, § 1, UCC § 9-615(d) (codified at 13 Pa.C.S. § 9615(d), and *Toyota Motor Credit Corp. v. W.S. Realty Co.*, 684 A.2d 279 (Pa. Super. 1996)?

8. Whether the trial court erred in entering default judgment without valid service under Pennsylvania Rule of Civil Procedure 402(a) and timely notice under Pa.R.C[iv].P. 237.1(a)(2), in violation of Pennsylvania Constitution Article I, § 11 and controlling precedent?

9. Whether the trial court engaged in misconduct, overreaching, or bias by permitting unworn testimony, making prejudicial inquiries, limiting [Perry's] presentation, making statements affecting impartiality, and revisiting dismissed issues by asking [TruMark's] opinion, in violation of Pa. Const. Art. V, § 17, Pa.R.[E]. 603, and *Commonwealth v. Perry*, 568 Pa. 499 (2002)?

10. Whether the trial court erred in failing to rule on [Perry's] post judgment motion and objections, in violation of Pa.R.C[iv].P. 1033, Pa. Const. Art. I, § 11, and *Commonwealth v. Elliott*, 80 A.3d 415 (Pa. 2013)?

11. Whether the trial court erred in certifying the transcript without proper authentication, in violation of Pa. Const. Art. V, § 10, Pa.R.A.P. 1922, and *Commonwealth v. Shields*, 477 Pa. 105, 383 A.2d 844 (Pa. 1978)?

Perry's Brief at 4-7 (issues reordered).

**Petition to Open**

We will address Perry's first seven claims together. Perry contends that the trial court failed to consider her timely filings in response to TruMark's filings. *Id.* at 24-25. She asserts that the trial court ignored her timely petition to open the default judgment. *Id.* at 25. Perry argues that the trial court erroneously relied on statements in her answer and counterclaims, which it had previously stricken from the record, in dismissing her motion to dismiss. *Id.* at 26, 28. According to Perry, the trial court had to reinstate the answer and counterclaims to rely on them, and its reliance on those filings constitutes reversible error. *Id.* at 26-27, 29.

Perry further raises various defenses, including:

- the failure to investigate the vehicle title and the fact that repossession of a vehicle requires a clean title under the UCC (*id.* at 33-36);

- TruMark was required to provide notice of repossession and disposition of the collateral before seeking a deficiency judgment against her (*id.* at 41-44);

- the trial court did not adequately examine the loan documents to ensure accurate deficiency calculations, safeguards for borrowers, and resolving facial irregularities on the documents (*id.* at 37-41);

- there was no investigation into the commercial reasonableness of sale of the Vehicle including how it was advertised, how pricing was set, and whether the dealer obtained any bids (*id.* at 44-47); and

- there were discrepancies regarding the payoff statement, noting that the original loan amount was $42,000, while TruMark claimed a deficiency of $46,376.45 (*id.* at 47-49).

Although Perry does not clearly articulate her claims in the context of a petition to open/strike the default judgment, "the proper procedure for a party who wishes to contest a default judgment is to file with the trial court a petition either to strike or open the default judgment." *Est. of Considine v. Wachovia Bank*, 966 A.2d 1148, 1152 (Pa. Super. 2009). Within these seven claims, Perry challenges factual averments contained in the complaint and record; thus, she seeks to open the default judgment. *See Digital Commc'ns Warehouse, Inc. v. Allen Invs., LLC*, 223 A.3d 278, 287 (Pa. Super. 2019) ("if the truth of the factual averments contained in such record are disputed, then the remedy is by a proceeding to open the judgment and not to strike."); *see also Centric Bank v. Sciore*, 263 A.3d 31, 45 (Pa. Super. 2021) ("Unless it is evident from the face of the instrument that the judgment is grossly excessive, or includes recovery for items not authorized by the instrument, a challenge to the accuracy of such amounts should be resolved by a petition to open the judgment.").

"The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law." *Rivers End Animal Sanctuary & Learning Ctr., Inc. v. Eckhart*, 253 A.3d 1220, 1223 (Pa. Super. 2021) (citation omitted). "In general, a default judgment may be

opened when the moving party establishes three requirements: (1) a prompt filing of a petition to open the default judgment; (2) a meritorious defense; and (3) a reasonable excuse or explanation for its failure to file a responsive pleading." *Id.* (citation omitted). This test is conjunctive and "if a petition to open a default judgment fails to fulfill any one prong of the three-prong test, then the petition must be denied." *Roy by and through Roy v. Rue*, 273 A.3d 1174, 1188-89 (Pa. Super. 2022) (citation omitted). Additionally, "[a] petition for relief from a judgment ... by default ... shall have attached thereto a copy of the complaint, preliminary objections, and/or answer which the petitioner seeks leave to file. **All grounds for relief shall be raised in a single petition**." Pa.R.Civ.P. 237.3(a) (emphasis added); *accord Eckhart*, 253 A.3d at 1223.

Preliminarily, we note that Perry filed her initial petition to open on June 13, 2024. Subsequently, after the trial court denied that petition to open on July 10, 2024, Perry filed a second petition to open on July 31, 2024. The claims raised in this second petition should have been raised in conjunction with the claims raised in the first petition. *See* Pa.R.Civ.P. 237.3. Because Perry did not raise all of her instant claims related to the petition to open in the first petition, we conclude she waived her claims. *See id.*

Even if we did not find waiver, we note that Perry's "Motion to Dismiss Default Judgment and Complaint" was filed approximately five months after default judgment was entered, which cannot be viewed as promptly filed.

*Compare Myers v. Wells Fargo Bank*, *N.A.*, 986 A.2d 171, 176 (Pa. Super. 2009) (finding that fourteen-day delay was timely), *and Fink v. General Accident Ins. Co.*, 594 A.2d 345, 346 (Pa. Super. 1991) (finding that five-day delay was timely), *with Rue*, 273 A.3d at 1190 (holding that a fifty-one-day delay was untimely), *and Dumoff v. Spencer*, 754 A.2d 1280, 1283 (Pa. Super. 2000) (finding a four-month delay was untimely). Perry fails to offer any reasons for the delay in filing his petition to open. Because Perry did not timely file her petition to open, we need not address Perry's various purported defenses. *See Rue*, 273 A.3d at 1188-89. Therefore, we conclude that the trial court did not abuse its discretion in denying the petition to open the judgment. *See Eckhart*, 253 A.3d 1220, 1223.

### Petition to Strike

In her eighth claim, Perry argues that the trial court improperly entered default judgment, as TruMark failed to properly serve her with the complaint. Perry's Brief at 20-21. She claims that service was made at her daughter's address. *Id.* Perry further asserts that the post-judgment notice was not properly served on her and Trumark failed to serve a notice of intent to file default before judgment was entered in violation of Pa.R.Civ.P. 237.1(a)(2).[1] *Id.* at 22-23.

_____

[1] Rule 237.1(a)(2) states the following in relevant part:

*(Footnote Continued Next Page)*

Again, Perry does not couch her claim in the context of a petition to open/strike.[2] Nevertheless, we note that this Court has long recognized that defective service presents a fatal defect justifying a petition to strike. *See, e.g., Grady v. Nelson*, 286 A.3d 259, 264 (Pa. Super. 2022); *Clymire v. McKivitz*, 504 A.2d 937, 939 (Pa. Super. 1986).

> A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record. A petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief. A fatal defect on the face of the record denies the prothonotary the authority to enter judgment. When a prothonotary enters judgment without authority, that judgment is void ab initio. When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a default

---

(2) No judgment … by default for failure to plead shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered:

\* \* \*

(ii) in the case of a judgment by default, after the failure to plead to a complaint and at least ten days prior to the date of the filing of the praecipe to the party against whom judgment is to be entered and to the party's attorney of record, if any.

Pa.R.Civ.P. 237.1(a)(2)(ii).

[2] Although Perry filed a single petition seeking to strike or open the default judgment, it is well settled that petitions to strike and petitions to open are generally distinct. *See Green Acres Rehab. and Nursing Ctr. v. Sullivan*, 113 A.3d 1261, 1270 (Pa. Super. 2015) ("A petition to open a default judgment and a petition to strike a default judgment seek distinct remedies and are generally not interchangeable.") (citation omitted).

- 10 -

judgment, a court may only look at what was in the record when the judgment was entered.

***Penn Nat'l Mut. Cas. Ins. Co. v. Phillips***, 276 A.3d 268, 273-74 (Pa. Super. 2022) (citations, quotation marks, brackets, and paragraph break omitted). Further, "[a] litigant may seek to strike a void judgment at any time." ***Grady***, 286 A.3d at 264 (citation omitted).

> [S]ervice of process[,] and our rules governing how service is accomplished[,] serve a dual purpose. In addition to being a prerequisite to investing a court with personal jurisdiction over the defendant, service of process has as its purpose notice to the named defendant that he has been brought into court as a party in a lawsuit and must take appropriate steps in defense.

***Ferraro v. Patterson-Erie Corp.***, 313 A.3d 987, 999 (Pa. 2024) (citation and quotation marks omitted).

"Service of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, the rules concerning service of process must be strictly followed." ***Trexler v. McDonald's Corp.***, 118 A.3d 408, 412 (Pa. Super. 2015) (citation omitted). Original process may be served, among other ways, "by handing a copy to the defendant[,]" Pa.R.Civ.P. 402(a)(1), or by handing a copy to a specified person at a specified location, including "an adult member of the family with whom [the defendant] resides" at the defendant's residence, Pa.R.Civ.P. 402(a)(2)(i). "One of the fundamental objectives of the Rules of Civil Procedure is to ensure that litigants receive proper notice of all proceedings. The duty to make proper service begins with service of

original process … [and] continues throughout all stages of the case." ***Grady***, 286 A.3d at 264 (citation omitted).

Because Perry can raise a petition to strike at any time, the fact she filed a second petition does not preclude this Court from addressing her motion to strike based on the alleged failure to serve the complaint. ***See US Bank N.A. v. Mallory***, 982 A.2d 986, 993 n.4 (Pa. Super. 2009) ("[T]he courts of this Commonwealth have long held that an individual may seek to strike a void judgment at any time ... [and] may even seek to strike a judgment after a trial court has previously denied his/her petition to open the same judgment.") (citation omitted).

At the hearing on the instant motion, Perry argued that she did not receive notice of the complaint. N.T., 9/5/2024, at 6. She stated that the complaint was sent to her daughter's apartment building at 3341 North 19th Street, and left on the floor outside the mailboxes, and that she only became aware of the complaint at the end of November 2023, when her daughter contacted her. ***Id.*** at 6-8, 22-23. Perry filed an answer and counterclaims in December 2023, and upon that filing being stricken by the trial court, she filed an answer compliant with our civil procedural rules within twenty days. ***Id.*** at 9-10, 11, 15-19.

The trial court addressed Perry's claim as follows:

> Here, the filed Affidavit of Service demonstrated that [TruMark] had effectuated service through its process server at an address associated with [Perry], 3431 North 19th Street, Philadelphia, Pennsylvania. Although [Perry] disputes living at

- 12 -

this address, her filed evidence contradicts her averment. Perry submitted a receipt from an unrelated criminal matter listing 3431 North 19th Street as her residence. This incongruity undermines her claim of improper service.

Moreover, [Perry] admitted receipt of the complaint as early as November 2023, within her filed and verified answer and counterclaims on December 19, 2023, which was months before the default judgment had been formally entered on April 2, 2024. [TruMark] complied with Pa.R.C[iv].P. 237 by issuing a Ten-Day notice of intent to file default, which had been included within its praecipe for entry of default judgment. [Perry] failed to provide any supportable evidence refuting the affidavit of service or showing prejudice resulting from the alleged defect.

Trial Court Opinion, 2/13/2025, at 9 (some capitalization omitted).

We agree with the trial court's reasoning. The record reflects that TruMark filed affidavit of service, noting Perry was personally served with the complaint and a copy of the notice to defend at 3431 North 19th Street, Philadelphia, Pennsylvania on November 18, 2023. Affidavit of Service, 11/30/2023. Perry conceded at the hearing that she was aware of the complaint in November 2023, and included documentation to support a finding that she used the address as her residence at times in the past. *See Sharpe v. McQuiller*, 206 A.3d 1179, 1186 (Pa. Super. 2019) ("While a defendant may challenge the service of process by arguing that the plaintiff failed to serve his or her correct residence, the plaintiff must offer extrinsic evidence to prove such allegations."). Thereafter, Perry attempted to file an answer and counterclaims in response to the complaint. *See id.* (noting appellant "waived any objection to service of process when she participated in the merits of the litigation"). Likewise, the record confirms that TruMark filed a ten-day

- 13 -

notice of its intent to request default judgment as required by Rule 237.1, and provided this notice to Perry. *See* Notice, 3/20/2024, at 1-2; Certified Mail, 3/20/2024; *see also* Pa.R.Civ.P. 237.1, cmt. ("The ten-day notice may be mailed or delivered. … If proof of the date of mailing is important, it may be obtained from the post office by requesting Post Office Form 3817, Certificate of Mailing, which will show the date, the name of the sender, and the addressee."). Therefore, Perry has not established a fatal defect on the face of the record. *See Rue*, 273 A.3d at 1185 (finding that there was no indication on the record that service to the appellant's residence was improper, and thus, there was no fatal defect on the face of the record); *Bank of New York Mellon v. Johnson*, 121 A.3d 1056, 1061 (Pa. Super. 2015) (concluding that where appellant had "actual notice of the pending litigation and an opportunity to be heard," there was no fatal defect in the record).[3]

**Judicial Misconduct and Bias**

In the ninth issue raised, Perry contends that the trial court exhibited judicial misconduct and bias during the September 5, 2024 hearing. Perry's Brief at 29. Perry argues that the trial court allowed TruMark's counsel to offer unsworn statements into evidence, in contravention of Pa.R.E. 603 ("Before testifying, a witness must give an oath or affirmation to testify

---

[3] To the extent Perry "challenges the accuracy of the factual averment in the record as to h[er] 'correct' address, we note such an issue is more properly considered in a proceeding to open the judgment and not to strike it." *Rue*, 273 A.3d at 1185. As noted above, the petition to open was not timely filed.

- 14 -

truthfully. It must be in a form designed to impress that duty on the witness's conscience."). Perry's Brief at 30. Perry further argues that the trial court's questions about her personal finances were prejudicial, as such evidence was irrelevant to the disposition of her petition to open/strike. *Id.* at 30-31. According to Perry, the trial court judge violated ethical standards in seeking answers to these questions. *Id.* at 31. She also argues that the trial court repeatedly interrupted her statements at the hearing, which deprived her a full and fair opportunity to raise her claims, and made multiple dismissive comments in response to her statements. *Id.* at 31-32. Perry additionally asserts that the trial court allowed TruMark's counsel to raise procedural defects in Perry's answer and counterclaims despite the fact the filing had been struck. *Id.* at 33.

"[A] litigant's due process rights are violated when the circumstances of a judicial decision give rise to an unacceptable risk of actual bias." *Commonwealth v. McCauley*, 199 A.3d 947, 950 (Pa. Super. 2018) (citation, brackets, and quotation marks omitted). "We review challenges to a court's partiality for an abuse of discretion." *Lewis v. Lewis*, 234 A.3d 706, 722 (Pa. Super. 2020).

We first conclude that Perry has not established that the trial court violated Rule 603. Perry does not cite any unsworn testimony admitted at the hearing. *See* Pa.R.A.P. 2119(c) ("If reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the

record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears"). Instead, Perry merely cites to a page in the transcript where TruMark's counsel identified himself and she sought to admit an exhibit related to her motion to dismiss the default judgment. *See* Perry's Brief at 30 (citing N.T., 9/5/2024, at 4). As the trial court found, the record reflects that TruMark's counsel was never introduced as a witness; counsel simply provided argument on TruMark's behalf. *See* Trial Court Opinion, 2/13/2025, at 16 ("A review of the transcript confirms that [TruMark's] counsel did not testify but merely contextualized and corrected [Perry's] procedural misstatements regarding the litigation's history."). Therefore, Perry has not established any error by the trial court.

We further find no support for Perry's contention that the trial court's questioning of her finances was prejudicial, as she attempted to provide defenses related to the amount due in support of her petition to open the default judgment. In any event, as noted above, Perry failed to file her petition to open in a timely manner; as such, any purported error was harmless. *See Grove v. Port Auth. of Allegheny Cnty.*, 218 A.3d 877, 890 (Pa. 2019) ("Harmless error exists if the record demonstrates ... the error did not prejudice the defendant"); *Renninger v. A & R Mach. Shop*, 163 A.3d 988, 999 (Pa. Super. 2017) (noting an evidentiary rulings that do not affect the final judgment are considered harmless).

Further, Perry waived her claim that the trial judge acted impartially by asking these questions, as she did not raise an objection before the trial court. *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").[4] To the extent Perry seeks the trial judge's recusal, this claim is waived for the same reason. *See Lomas v. Kravitz*, 170 A.3d 380, 390 (Pa. 2017) ("[A] party must seek recusal of a jurist at the earliest possible moment, i.e., when the party knows of the facts that form the basis for a motion to recuse. If the party fails to present a motion to recuse at that time, then the party's recusal issue is time-barred and waived."). Additionally, Perry cannot establish bias "simply because a judge rules against a [party]." *McCauley*, 199 A.3d at 951 (citation omitted).

Regarding Perry's claim that she was denied a fair and full hearing because of the judge's interruptions, the trial court found as follows: "[A]ny perceived interruptions occurred in response to [Perry's] repetitive strays away from relevant issues. No due process violations of [Perry's] right to be heard occurred. [Perry] was provided with ample opportunity to present her arguments while maintaining order." Trial Court Opinion, 2/13/2025, at 17 (citing N.T., 9/5/2024, at 6, 11, 14, 22, 28) (footnote omitted); *see also id.* at 17 (noting statements "This is not relevant" and "We've already been over

---

[4] We note that "[w]here the interest of justice so requires, the court may examine a witness regardless of who calls the witness." Pa.R.E. 614(b).

this" were "an active guiding effort to encourage [Perry] [to] understand the legal processes and focus upon salient issues").

We find no error in this conclusion. The record reflects that the trial court interrupted Perry to have her answer the stated question and focus on her attempt to open/strike the judgment. Further, at the conclusion of the hearing, Perry indicated that she did not have anything else to present to the court, and made no mention and raised no objection related to an alleged denial of a full hearing. N.T., 9/5/2024, at 32; **see also** Pa.R.A.P. 302(a). As Perry does not establish any error, we conclude this claim is without merit.

Finally, Perry has not shown that the trial court relied on anything contained in her dismissed pleading in rendering its decision. Again, as the trial court correctly found, the record shows that counsel for TruMark stated the procedural history on the record, including Perry's filing of an answer and counterclaims that were ultimately stricken. **See** Trial Court Opinion, 2/13/2025, at 17-18 (noting "discussions of prior rulings were strictly procedural in nature and intended to ensure that all parties understood the context of the case"). Perry does not dispute the procedural history stated by TruMark's counsel or the trial court. Instead, she baldly asserts, without any citation to pertinent authority, that speaking to the procedural history demonstrates partiality. **See** Pa.R.A.P. 2119(a) (noting an argument must include pertinent analysis and citation to authority). Based upon the paucity of her argument, Perry fails to establish the trial court erred.

**Improper handling of Perry's Motions and Objections**

Perry next argues that the trial court improperly dismissed her motions and objections without properly considering them. Perry's Brief at 49-51. Perry maintains that she attempted to present documents and motions challenging service and the deficiency amount at the September 5, 2024 hearing, but the trial court never ruled on the admissibility of the documents or made findings about their relevance. *Id.* at 50-51. Perry again asserts that the trial court relied on her stricken pleading, which "resulted in procedural inconsistency and prejudiced [her] ability to support her claims and defenses." *Id.* at 51.

> The trial court addressed Perry's claim as follows:
>
> [The trial court] correctly informed [Perry] of the defects within her respective filings particularly with her first stricken answer and counterclaim. Despite being afforded ample opportunity to file an amended response, [Perry] failed to comply. … A review of the transcript also highlights the fact that this court gave [Perry] full and fair ability to present her arguments and evidence. [N.T., 9/5/2024, at 14, 18.] Contrary to what has been contended this court provided detailed explanations for its rulings. [***Id.*** at 11, 14.] Contextually[,] this court's references to previously stricken pleadings … constituted integral parts of this court's explanation of rational for the dismissal and denial of [Perry's] motion …. The references were immaterial to [the] dismissal of [Perry's] motion[,] which was independently based upon analysis of the evidence.

Trial Court Opinion, 2/13/2025, at 18 (footnotes, emphasis and some capitalization omitted).

As noted above, the trial court addressed Perry's evidence and claims at the hearing and rejected them. Contrary to Perry's contentions, the record

plainly reflects that the trial court admitted exhibits introduced by Perry, N.T., 9/5/2024, at 4, 5, 17, explained its rulings to Perry, *id.* at 10-11, 12, 20-23, and gave her a full opportunity to raise her claims, *id.* at 30. Perry's bald allegations do not establish any error or demonstrate that the trial court improperly denied her motion. Therefore, her claim is without merit.

**Transcripts**

Lastly, Perry contends that the trial court failed to provide her with a certified transcript. Perry's Brief at 52-55. According to Perry, the transcript's certification section does not include an official seal or signature. *Id.* at 53. Perry argues that the transcript contains numerous blank lines and spacing issues, evidencing an incomplete transcript. *Id.* at 54. Further, she asserts that the court reporter ignored her expedited request, despite paying for the expedited transcript. *Id.* Perry also claims that a certified official did not deliver the transcript to her, violating Pa.R.E. 902(4). Perry's Brief at 54.

Pennsylvania Rule of Appellate Procedure 1922(a) governs requests for transcripts:

> An appellant may file a request for transcripts under Pennsylvania Rule of Judicial Administration 4007 prior to or concurrent with the notice of appeal. If a deposit is required, the appellant shall make the deposit at the time of the request for the transcript unless the appellant is requesting a waiver of the cost because of economic hardship. Unless another Rule of Appellate Procedure provides a shorter time, the court reporter shall provide the trial judge with the transcript within 14 days of the request for transcript. When the appellant receives notice under Rule of Judicial Administration 4007(D)(3) that the transcript has been prepared, the appellant has 14 days to pay the final balance in compliance with that rule.

Pa.R.A.P. 1922(a). If a transcript contains an error or is incomplete, such an omission or misstatement may be corrected by filing a written objection, by stipulation of the parties, or by the trial court. Pa.R.A.P. 1922(c).

The record reflects that the official court reporter certified the transcript: "I hereby certify that the proceedings and evidence are contained fully and accurately in the notes taken by me on the trial of the above case, and that the copy is a correct transcript of the same." N.T., 9/5/2024, at 33; *see also* Pa.R.E. 902(4)(A) (noting certified copies of public records are self-authenticated if a "custodian or another person authorized to make a certification" certifies the copy as correct). The trial court reviewed the transcript and found it to be accurate. Trial Court Opinion, 2/13/2025, at 19.

Perry's argument is without merit. She cites no rule or case law which requires an official seal and signature on the certification of the transcript. *See* Pa.R.A.P. 2119(a). She does not establish that the transcript was inaccurate or incomplete. *See* Trial Court Opinion, 2/13/2025, at 19. To that end, she never filed a written objection about any misstatements or omissions in the transcript. *See* Pa.R.A.P. 1922(c). Finally, Perry fails to demonstrate that she did not receive the transcript in a timely manner or that she was prevented from receiving prompt appellate review. Therefore, Perry fails to show any error in this regard.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>10/10/2025</u>